ORIGINAL
FILED

2011 DEC 21  A 10: 32

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  HANK G. GREENBLATT, ESQ. / SBN: 143415
   DREYER BABICH BUCCOLA WOOD, LLP
2  20 Bicentennial Circle
   Sacramento, CA 95826
3  Telephone: (916) 379-3500
   Facsimile: (916) 379-3599
4

5  LUIS A. CESPEDES, ESQ./SBN: 97264
   LAW OFFICES OF LUIS A. CESPEDES
6  701 E. St., #C
   Sacramento, CA 95814
7  Telephone: (916) 443-8465
   Facsimile: (916) 446-7412
8                                          E-filing

9  Attorneys for Plaintiff

10

11          IN THE UNITED STATES DISTRICT COURT FOR THE          DMR

12              NORTHERN DISTRICT OF CALIFORNIA

13                                  C 11       6572

14                          Case No.:

15  LUIS MARTINEZ-RODRÍGUEZ, individually    COMPLAINT FOR DISCRIMINATION;
    and METZLY M., a minor by and through    NEGLIGENCE;
16  her  guardian  ad  litem,  SYLVIA        NEGLIGENT INFLICTION OF
    VILLALPANDO,                             EMOTIONAL DISTRESS;
17                                           INTENTIONAL INFLICTION OF
                                             EMOTIONAL DISTRESS;
18          Plaintiff,                       NEGLIGENCE PER SE;
                                             VIOLATION OF CIVIL RIGHTS 42
19                                           U.S.C. §1983;
            v.                               MISREPRESENTATION;
20                                           FRAUD; CONSPIRACY;
                                             UNLAWFUL DETAINMENT;
21  BANK OF AMERICA; ALEX AIVALIKLIS;        CONVERSION;
    and DOES 1 through 30, inclusive,        MISAPPROPRIATION OF FUNDS
22                                           VIOLATION OF THE FAIR HOUSING
                                             ACT; DECLARATORY RELIEF;
23          DEFENDANTS.                      PUNITIVE DAMAGES
                                             AND DEMAND FOR JURY TRIAL
24

25          PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, individually and METZLY M., a minor, by and

26  through her guardian ad litem, SYLVIA VILLALPANDO complain of DEFENDANTS, BANK OF

27  AMERICA, ALEX AIVALIKLIS, and DOES 1 through 30, inclusive and each of them and for

28  causes of action alleged as follows:

                                        -1-

COMPLAINT

1

**GENERAL ALLEGATIONS**

2    1.    This is an action for discrimination, negligence, intentional infliction of emotional
3    distress, negligence per se, violation of civil rights, misrepresentation and fraud, conspiracy,
4    unlawful detainment, conversion, and misappropriation of funds against DEFENDANTS, BANK
5    OF AMERICA, ALEX AIVALIKLIS, DOE BANK OF AMERICA MANAGER, DOE BANK OF AMERICA
6    AGENT, DOE BANK OF AMERICA EMPLOYEE, stemming from the false pretenses presented to
7    and subsequent unlawful detainment of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ at the
8    Marysville Branch of the BANK OF AMERICA in Marysville, California.

9    2.    This action is subject to the provisions of 28 U.S.C. §1342, 42 U.S.C. §1981, 42
10    U.S.C. §2000, 42 U.S.C. §3604; 42 U.S.C. §1983, 42 U.S.C. §1985, 28 U.S.C. §1343;
11    California Government Code, §12955, and California Business and Professions Code, §17200,
12    and all laws under the Constitution related therewith, and at all times referenced herein
13    PLAINTIFF was entitled to all the protections and remedies afforded under said laws, and under
14    related state and local laws.

15    4.    DEFENDANTS, BANK OF AMERICA, and DOES ARE a banking institution
16    chartered and supervised by the <u>Office of the Comptroller of the Currency</u> ("OCC"), created
17    and existing by virtue of the laws of the United States and the laws of the State of California,
18    and that at all times herein mentioned DEFENDANT, BANK OF AMERICA, and DOES is governed
19    under same.

20    5.    DEFENDANT BANK OF AMERICA AND DOES either directly and/or indirectly
21    through its agents and/or employees, held, serviced or engaged in transactions related to
22    mortgages of real property including a mortgage held by PLAINTIFF LUIS MARTINEZ-
23    RODRIGUEZ.

24    6.    PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is informed and believes and thereon
25    alleges that at all times herein mentioned, DEFENDANTS, BANK OF AMERICA and ALEX
26    AIVALIKLIS, and DOES, and each of them, as operations and management of the BANK OF
27    AMERICA, is, and was at all times mentioned herein, responsible for the actions or inactions of
28    its management, agents, and employees and the policies, procedures, practices, and customs

-2-

**COMPLAINT**

1 | of the BANK OF AMERICA.

2 |     7.    That, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is an immigrant of Mexican
3 | descent, and at all times herein mentioned was and is a member of the Hispanic Market which
4 | has a substantial presence in the United States and California, and which Defendants targeted
5 | with its aggressive marketing programs.  See Statement of Gabriel Manjarrez, Senior Vice
6 | President, national Hispanic Consumer Marketing for Bank of America, attached hereto as
7 | (Exhibit "A").

8 |     8.    In 2007, DEFENDANT, BANK OF AMERICA, found its growth limited  by the
9 | regulatory cap on acquisitions of other banks, and as a result directed its attention to the very
10 | large, untapped Hispanic Market.   PLAINTIFF, an immigrant of Mexican descent, was and is
11 | included in the Hispanic Market which DEFENDANTS targeted.    DEFENDANT BANK OF
12 | AMERICA  in developing sales and marketing strategies that would connect with Hispanic
13 | customers, began a program which included agreements with the Mexican Government and
14 | Bank of America  determined to be mutually beneficial to Mexican immigrants and to Bank of
15 | America.  The program allowed BANK OF AMERICA officials to visit the Mexican Consulate
16 | daily, to entice documented and undocumented Mexican immigrants to open bank accounts
17 | with Bank of America through programs written in the Spanish language, and by maintaining
18 | policies eliminating the need for credit histories, social security numbers or other traditionally
19 | required methods of identification for bank accounts, and credit cards.  DEFENDANTS and
20 | DOES specifically targeted Mexican immigrants, who were not able to present a passport and
21 | visa for growth and expansion of their banking and financial services business.

22 |     9.    Bank of America introduced its pilot program in Los Angeles, home to the largest
23 | concentration of undocumented workers in the United States.

24 |     10.    On or about February 22, 2011 PLAINTIFF had been banking with Bank of
25 | America for over fourteen years. He had two checking accounts, a savings account and a
26 | mortgage with DEFENDANT BANK OF AMERICA.

27 |     11.    That, on or about February 22, 2011, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ,
28 | was arrested by the Marysville Police and Immigration and Customs Enforcement, after being

-3-

**COMPLAINT**

1   unlawfully detained under false pretenses by DEFENDANTS and DOES at the Marysville Branch
2   of the BANK OF AMERICA. That, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was requested to
3   meet with the BANK OF AMERICA'S branch manager, ALEX AIVALIKLIS, through manipulation
4   and concealment of his true intent. ALEX AIVALIKLIS called PLAINTIFF into the branch on
5   February 22, 2011 to discuss alleged "irregularities" as to an account he had opened, in full
6   compliance with all of Bank of America's identification policies. DEFENDANTS and DOES
7   misrepresented the purpose of the meeting on or about February 22, 2011 with PLAINTIFF,
8   LUIS MARTINEZ-RODRIGUEZ, a customer of fourteen years. DEFENDANTS, their
9   management, agents and employees, and DOES, and each of them while acting in their official
10  capacities, and through their abuse of privileged information instead unlawfully and
11  intentionally conspired to and did detain PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and his
12  daughter PLAINTIFF METZLEY M. at the bank.

13      12.    DEFENDANTS and DOES chose to conspire and were willful participants engaged
14  in joint action, with state officials in effecting the deprivation of PLAINTIFF'S freedom and
15  rights, when they initiated his detention, detained him, and held him until his arrest by law
16  enforcement. The following day, DEFENDANTS and DOES unlawfully conspired to close
17  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ'S account without notice, confiscating his funds
18  therein, amounting to conversion and misappropriation.

19      13.    DEFENDANTS and DOES through unfair and deceptive acts conspired to deprive
20  Plaintiff of his rights and freedom and were the direct and proximate cause of his arrest on
21  February 22, 2011.

22      14.    On February 22, 2011 PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ was arrested by
23  the ICE at the Marysville Branch of BANK OF AMERICA and taken to and further detained at the
24  Immigration and Customs Enforcement Detention Center for seven days and then detained in
25  New Mexico for another seven days. He required the assistance of the Mexican Consulate to
26  arrange for his release from the New Mexican Detention Center so that he could rejoin his
27  family. Because of the abrupt and unexpected nature of Plaintiffs detention he was absent
28  from his employment for two weeks without notice.

-4-

**COMPLAINT**

15.     At no time did DEFENDANTS, the BANK OF AMERICA, ALEX AIVALIKLIS, and DOES ever inform PLAINTIFF during the fourteen years of serving him that any irregularities were an issue of concern.   Plaintiff dutifully and regularly paid his mortgage to BANK OF AMERICA in a timely manner.  At no time did DEFENDANTS and DOES inform PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, that he was not meeting BANK OF AMERICA'S requirements for identification on banking accounts or credit cards.   At no time did DEFENDANTS inform PLAINTIFF that their policies, guidelines, and procedures warranted that they close his account. At no time did DEFENDANTS inform PLAINTIFF that his citizenship status was a cause for concern within their mutually beneficial business relationship.  And in fact Bank of America was in the process of aggressively marketing and selling its banking and financial services to persons similarly situated to PLAINTIFF LUIS MARTINEZ-RODRIGUEZ.

16.     PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is informed and believes and thereon alleges that all times herein mentioned, DEFENDANTS and DOES, and its managers, agents, and employees were responsible for and had a mandatory statutory duty not to engage in discriminatory practices and to ensure that PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was not caused mental or emotional injury due to the action or inaction of another person from discriminatory practices, and protected from discriminatory practices, in accordance with 28 U.S.C. §1343. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is further informed and believes and thereon alleges that at all times herein mentioned, DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, and each of them, knew and/or should have known, as the promulgators of the growth and expansion pilot program targeting the Hispanic Market, that the unlawful detainment under false pretenses of PLAINTIFF would constitute racially motivated discriminatory practices, and that customer relations with the documented and undocumented Mexican immigrants, such as PLAINTIFF,  LUIS MARTINEZ-RODRIGUEZ, under said growth and expansion pilot program would require special attention and special training for its management, agents, employees and staff to handle issues relating therewith.

17.     PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is further informed and believes and thereon alleges that at all times herein mentioned, DEFENDANTS, BANK OF AMERICA, and

-5-

**COMPLAINT**

1  DOES, and each of them, knew and/or should have known that when creating a  program,
2  directed at Mexican immigrants, required the institution of  policies, procedures and guidelines
3  pertaining to the prevention of  the kind of discriminatory practices that occurred in this
4  instance.

5       18.    DEFENDANTS, DOES 1 through 30, and each of them, are and were the
6  Director(s), Manager(s), Agent(s), and Employee(s) of the BANK OF AMERICA.  PLAINTIFF,
7  LUIS MARTINEZ-RODRIGUEZ, does not at this time know the identities of these DOE
8  DEFENDANTS and will seek leave to amend this complaint to show their true names and
9  capacity when same has been ascertained.

10       19.    PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is informed and believes and thereon
11  alleges that all times herein mentioned that, DEFENDANTS, BANK OF AMERICA, and DOES and
12  each of them is a national banking and financial association/ institution, whereby the Federal
13  Deposit Insurance Corporation has been appointed receiver of such association, whose purpose
14  is to serve all persons with respect to their business within the jurisdiction of the United States.

15       20.    PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is further informed and believes and
16  thereon alleges that, at all times relevant, DEFENDANTS, BANK OF AMERICA, and DOES, and
17  each of them completely failed to or negligently executed its duties and obligations including,
18  but not limited to, failing to train its management, agents, employees and staff with respect to
19  its growth and expansion pilot program and the issues related to customer relations with
20  undocumented Mexican immigrants targeted by said program, including PLAINTIFF, and by
21  failing to implement proper policies, procedures, and guidelines in accordance with the
22  Constitution, and applicable federal, state and local laws and statutes, and failing to review and
23  rectify improper practices and customs.

24       21.    DEFENDANTS and DOES, and each of them knew and/or should have known that
25  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was a loyal BANK OF AMERICA, customer in good
26  standing for over fourteen years with two bank accounts and a mortgage through BANK OF
27  AMERICA.  DEFENDANTS and DOES, and each of them, failed to follow BANK OF AMERICA's
28  policies when they hatched a "sting" operation in the guise of a meeting with PLAINTIFF, LUIS

-6-

**COMPLAINT**

1  MARTINEZ-RODRIGUEZ, under false pretenses, and subsequently unlawfully detained him and
2  orchestrated his arrest by the Marysville Police and the Department of Immigration and
3  Customs Enforcement.

4      22.     DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, DOES, and each of them,
5  are responsible for the emotional and mental injuries suffered by PLAINTIFF, LUIS MARTINEZ-
6  RODRÍGUEZ, and PLAINTIFF METZLEY M. for the following reasons:

7      (a)     Said DEFENDANTS and DOES failed to appropriately train, monitor, and
8              supervise their management, agents and employees so as to prevent the
9              incident alleged herein. Said failures include, but are not limited to, the fact that
10             personnel involved in this incident were not initially , annually, or specifically
11             trained on the proper indicators of discriminatory practices as required by
12             national, professional, legal and social work standards.  Further, said personnel
13             were not properly trained on the proper response when issues arise with
14             documented and undocumented immigrants, particularly those identified as the
15             target of BANK OF AMERICA'S growth and expansion pilot program, including
16             PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ.   Said personnel were not properly
17             trained on the importance of adhering to the BANK OF AMERICA'S policies and
18             procedures, particularly with the kind of incident alleged herein.

19     (b)     Said DEFENDANTS and DOES failed to promulgate appropriate policies,
20             guidelines and procedures and failed to rectify improper practices and customs
21             with regard to the servicing of Mexican immigrants whom they intended to
22             attract through pilot  programs whereby BANK OF AMERICA officials visit the
23             Mexican Consulate daily to encourage undocumented Mexican immigrants to
24             open bank accounts on site, marketing to the Hispanic Market in the Spanish
25             language, and alleviating the need for social security numbers for checking and
26             savings accounts and credit cards. DEFENDANTS and DOES failed to meet legal,
27             national, professional, and social work standards relating to the proper training,
28             monitoring   and   supervision   of   situations   potentially   involving   delicate

-7-

**COMPLAINT**

discrimination issues. Said failures also include a failure to promulgate proper policies, guidelines, and procedures in accordance with applicable federal, state, and local statutes and laws, and a failure to rectify improper practices and customs.

(c)     Said DEFENDANTS and DOES allowed their management, agents, employees and staff through manipulation and deceit while concealing their true intent to arrange a meeting with PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and then conspire to unlawfully detain PLAINTIFF while arranging for his arrest, and ultimately his detention at the Immigration and Custom Enforcement Detention Center. Said DEFENDANTS and DOES unlawfully closed his accounts without notice, the day following his arrest, and confiscated his funds. This conscious disregard for and callous indifference to the rights of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ stemmed in part from a general atmosphere at Bank of America of deliberate indifference to their duties and obligations emanating from legal, national, professional, and social work standards, their lack of training, and their failure to promulgate proper policies, guidelines and procedures in accordance with the U.S. Constitution, and applicable federal, state and local statutes and laws.

(d)     Said DEFENDANTS and DOES were willful participants engaged in joint action, and engaged in joint action in concert state officials in effecting the deprivation of PLAINTIFF's rights, and, as such, were acting in conspiracy and under color of law. Said DEFENDANTS and DOES unconstitutional acts of discrimination deprived PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, of clearly established constitutional rights of which a reasonable official would have known. DEFENDANTS and DOES violated 28 U.S.C. §1343 when they failed to prevent these violations pursuant to 42 U.S.C. section 1985.

23.     The true names and identities of DEFENDANTS, DOES 1 through 30 are unknown to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, who therefore sues such

-8-

1 | DEFENDANTS and DOES as fictitious names pursuant to Code of Civil Procedure, §474.
2 | PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, alleges on information and belief that each of
3 | DEFENDANTS, DOES, and each of them, was employed by the BANK OF AMERICA at the
4 | time of the conduct alleged herein.  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, alleges
5 | that DEFENDANTS and DOES, and each of them, were deliberately indifferent to
6 | PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ's rights, substituted their judgment for that of
7 | the police, thereby exercising state power, failed to take any measures to prevent the
8 | incident from occurring, and violated PLAINTIFF's civil rights, in a negligent, intentional,
9 | and/or reckless manner.   PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, will seek to amend
10 | this Complaint as soon as the true names and identities of DEFENDANTS and DOES, and
11 | each of them have been ascertained. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, further
12 | alleges that said DOE DEFENDANTS, and each of them violated PLAINTIFF's substantive
13 | due process rights.

14 |      24.     The true names and identities of DEFENDANTS DOES, and each of them, are
15 | unknown to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, who therefore sues such DEFENDANTS
16 | as fictitious names.   PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, alleges on information and
17 | belief that each of DEFENDANTS DOES, was employed by BANK OF AMERICA at the time of the
18 | conduct alleged herein.    PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, alleges that each of
19 | DEFENDANTS DOES, were responsible for the training, supervision, monitoring and/or conduct
20 | of their management, agents, employees and/or staff involved in the events leading to the
21 | conspiracy of false pretenses and unlawful detainment.    PLAINTIFF, LUIS MARTINEZ-
22 | RODRIGUEZ, alleges that each of DEFENDANTS DOES was also responsible for and caused the
23 | acts and injuries alleged herein.  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is informed and
24 | believes and thereon alleges that each of the DEFENDANTS DOES are responsible under the
25 | law in some manner negligently, intentionally, strictly or otherwise for the events and
26 | happenings herein referred to and legally caused the injuries and damages to the PLAINTIFF as
27 | herein alleged, and PLAINTIFF will amend this Complaint to show their true names and
28 | capacities when same has been ascertained.

-9-

**COMPLAINT**

25. At all times mentioned herein, each and every DEFENDANT and DOES was the manager, agent, and employee of each and every DEFENDANT, and in doing the things alleged, were acting within the course and scope of such agency and employment; and, in doing the acts herein alleged, were acting with the consent, permission, and authorization of each of the remaining DEFENDANTS. All actions of each DEFENDANT and DOES herein alleged Were ratified and approved by the directors, officers, and managing agents of every other DEFENDANT.

26. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is informed and believes, and thereby alleges, that each of the DEFENDANTS and DOES herein were at all times relevant hereto were the managers, agents, managing agents, employees, representatives, servants, joint-venture's, partners and co-conspirators of the remaining DEFENDANTS, and were acting at least in part within the course and scope of such relationship.

27. DEFENDANT, BANK OF AMERICA, is a private entity, a National Banking Association, for which the Federal Deposit Insurance Corporation has been appointed receiver, pursuant to 12 U.S.C., §94.

28. That the true names and capacities whether individual, corporate, associate or otherwise, of DEFENDANT DOES are unknown to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, who therefore sues such DEFENDANTS by such fictitious names, and PLAINTIFF will amend this complaint to show the true names and capacities when the same have been ascertained. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is informed and believes and therein alleges that the DEFENDANT and DOES, are responsible under law in some manner negligently, intentionally, in warranty, strictly or otherwise for the events and happenings herein referred to and proximately thereby caused injuries and damages to PLAINTIFF as herein alleged.

### FIRST CAUSE OF ACTION

**(NEGLIGENCE/FAILURE TO TRAIN AND IMPLEMENT PROPER POLICIES AND PROCEDURES IN ACCORDANCE WITH THE U.S. CONSTITUTION AND APPLICABLE FEDERAL, STATE AND LOCAL STATUTES AND LAWS GOVERNING DISCRIMINATORY PRACTICES) AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30**

-10-

**COMPLAINT**

1  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, re-alleges and incorporates herein by
2  reference as though fully set forth herein, each and every allegation contained in paragraphs 1
3  through 28.

4  29.  DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, and each of
5  them, and by and through its management, agents, and employees, were charged with, and
6  had a duty to train its management, agents, employees, and staff with respect to BANK OF
7  AMERICA'S policies, procedures, and guidelines, particularly with respect to its growth and
8  expansion pilot programs to prevent the particular kind of injury caused in this instance
9  proximately caused by DEFENDANTS and DOES failure to discharge said duty.  DEFENDANTS
10 and DOES growth and expansion pilot program included marketing to the Hispanic community
11 in the Spanish language, eliminating the need for social security numbers for checking and
12 savings accounts, and credit cards, signing agreements with the Mexican Government to
13 provide financial education to the Mexican Nationals, and having BANK OF AMERICA officials
14 visit the Mexican Consulate daily to encourage the undocumented immigrants to open bank
15 accounts on site.  The duty to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was greater than that
16 of ordinary care, and required DEFENDANTS and DOES taking all necessary steps to safeguard
17 against discriminatory practices in accordance with the U.S. Constitution and applicable
18 Federal, State and Local statutes and laws governing said discriminatory practices.
19 DEFENDANTS and DOES, and each of them, failed to perform their duties resulting in the
20 deprivation of PLAINTIFF's rights, privileges and immunities secured by the U.S. Constitution,
21 when they conspired to unlawfully detained PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, under
22 false pretenses, and proceeded to close his account without notice and confiscate his funds
23 therein.

24 30.  DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, and each of
25 them, had a duty to implement proper policies, guidelines, and procedures in accordance with
26 the U.S. Constitution and applicable Federal, State and Local statues and laws governing
27 discriminatory practices so as to prevent the particular kind of injury proximately caused by
28 DEFENDANTS and DOES failure to discharge said duty to protect PLAINTIFF, LUIS MARTINEZ-

-11-

**COMPLAINT**

1  RODRIGUEZ, from the kind of injuries sustained. The duty to PLAINTIFF, LUIS MARTINEZ-
2  RODRIGUEZ required DEFENDANTS and DOES taking the necessary action to safeguard
3  against discriminatory practices, particularly in light of the fact that BANK OF AMERICA
4  launched its growth and expansion pilot program directed at the Hispanic market, of which
5  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is a member. DEFENDANTS, BANK OF AMERICA,
6  ALEX AIVALIKLIS, and DOES failed to rectify improper practices and customs so that the type
7  of injuries that occurred in this instance would not occur. DEFENDANTS, BANK OF AMERICA,
8  ALEX AIVALIKLIS, and DOES, failed to discharge their duties and were negligent in their
9  implementation, supervision and monitoring of these duties.

10      31.     At all times mentioned herein, DEFENDANTS, BANK OF AMERICA, ALEX
11  AIVALIKLIS, and DOES, comprised and were associated with a national banking association for
12  which the Federal Deposit Insurance Corporation has been appointed receiver, performing the
13  delivery of financial services pursuant to 12 U.S.C. §94. DEFENDANTS and DOES failed to
14  discharge their duties so as to prevent injuries to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ,
15  and failed to protect him from discriminatory practices and discrimination pursuant to 28
16  U.S.C. §1343, which thereby resulted in injuries to PLAINTIFF. DEFENDANTS and DOES failed
17  to take reasonable steps to guard against the dangers to PLAINTIFF, LUIS MARTINEZ-
18  RODRIGUEZ, and failed to undertake conscientious performance to properly train, supervise
19  and monitor, and implement proper policies, guidelines, and procedures in accordance with the
20  U.S. Constitution and applicable federal, state and local statutes and laws governing
21  discriminatory practices in order to prevent the injuries to PLAINTIFF. DEFENDANTS and DOES
22  had knowledge that PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, had been a loyal customer to
23  BANK OF AMERICA for over fourteen years, with banking accounts and a mortgage through
24  BANK OF AMERICA, and at the time of the incident, requested to open another account.
25  DEFENDANTS and DOES nonetheless proceeded to conspire to unlawfully detain PLAINTIFF,
26  LUIS MARTINEZ-RODRIGUEZ, which led to his arrest by the Marysville Police and Immigration
27  and Customs Enforcement, and ultimately to his detention at the Immigration and Customs
28  Enforcement Detention Center. DEFENDANTS and DOES made a decision to disregard

-12-

1 PLAINTIFF's rights, privileges and immunities secured by the Constitution, whereby
2 DEFENDANTS and DOES were willful participants engaged in joint action, and in joint action
3 with the Marysville Police and Immigration and Customs Enforcement, in effecting the
4 deprivation of PLAINTIFF's rights.

5      32.    DEFENDANTS and DOES owed a mandatory duty to PLAINTIFF, LUIS MARTINEZ-
6 RODRIGUEZ, to ensure that PLAINTIFF, particularly as one of its loyal and long-standing
7 customers, was not subject to discriminatory practices and was not deprived of his rights,
8 privileges or immunities secured by the Constitution. DEFENDANTS and DOES had a duty to
9 properly train its management, agents, employees, and staff so that BANK OF AMERICA's
10 policies, guidelines, and procedures were strictly adhered to, and that its management, agents,
11 employees, and staff were properly supervised and monitored regarding BANK OF AMERICA's
12 policies, guidelines, and procedures and its growth and expansion pilot programs.
13 DEFENDANTS and DOES had and have a duty to implement proper policies and procedures so
14 that said policies and procedures comport with the U.S. Constitution and applicable federal,
15 state, and local statutes and laws. DEFENDANTS and DOES affirmative duty is a heightened
16 duty which required that DEFENDANTS make all reasonable efforts to protect PLAINTIFF, LUIS
17 MARTINEZ-RODRIGUEZ, and its customers, so that they are not subject to substantive due
18 process violations. DEFENDANTS and DOES were willful participants engaged in joint action in
19 effecting the deprivation of PLAINTIFF's substantive due process rights. The DEFENDANTS
20 and DOES failure to discharge their duties led to PLAINTIFF's particular injuries.

21      33.    At no time relevant herein did Defendant BANK OF AMERICA, ALEX AIVALIKLIS
22 and DOES ever inform PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ that there were any issues of
23 concern regarding his accounts with Bank of America. At no time relevant herein did BANK OF
24 AMERICA, ALEX AIVALIKLIS and DOES inform PLAINTIFF, that opening an additional account
25 with Bank of America, an institution aggressively seeking business from individuals similarly
26 situated to Plaintiff, would be an issue. At no time relevant herein did Defendant BANK OF
27 AMERICA, ALEX AIVALIKLIS and/or DOES inform PLAINTIFF, that he was not fulfilling BANK of
28 AMERICA'S requirements for banking accounts, credit cards or mortgage lending. At no time

-13-

**COMPLAINT**

relevant herein did Defendant BANK OF AMERICA, ALEX AIVALIKLIS and DOES inform
PLAINTIFF, that BANK OF AMERICA's policies, guidelines, and procedures warranted closing his
account. At no time relevant herein did Defendant BANK OF AMERICA, ALEX AIVALIKLIS and
DOES inform PLAINTIFF, that there were any issues of concern with their mutually beneficial
business relationship.

34. DEFENDANTS and DOES knew or should have known that the implementation of
their aggressive growth and expansion pilot program directed at the Hispanic Market, and
particularly at undocumented immigrants from Mexico, including PLAINTIFF, LUIS MARTINEZ-
RODRIGUEZ, would require appropriate training for its management, agents, employees and
staff. DEFENDANTS and DOES knew or should have known that said growth and expansion
pilot program would require proper promulgation and implementation of policies, guidelines
and procedures in accordance with the U.S. Constitution and applicable federal, state and local
statutes and laws. DEFENDANTS and DOES knew or should have known that the growth and
expansion pilot program would require a strict adherence to legal, national, professional and
social work standards, and a revamping of improper practices and customs.

35. DEFENDANTS and DOES knew of should have known of the existence of the
issues that would arise with BANK OF AMERICA's growth and expansion pilot program targeting
the large Mexican immigrant population  and having a large customer base consisting of the
Hispanic Market, of which PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is a member, and
DEFENDANTS and DOES nevertheless failed to discharge their duties in properly training its
management, agents, employees, and staff, and implementing proper policies, guidelines and
procedures to comport with the applicable laws. Had DEFENDANTS, BANK OF AMERICA, ALEX
AIVALIKLIS and DOES discharged their duties, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, would
not have suffered a deprivation of his substantive due process rights. DEFENDANTS and DOES
failure to perform their duties led to the injustice and the gross discriminatory practices, and
DEFENDANTS and DOES dereliction of their duties was a substantial factor in causing
PLAINTIFF's particular injuries. The sole and proximate cause of PLAINTIFF's injuries was the
negligence of DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS and DOES 1 through 30,

-14-

**COMPLAINT**

inclusive, in the following particulars:

    (a)    In failing to properly train management, agents, employees and staff;

    (b)    In failing to properly supervise and monitor its management, agents, employees, and staff after implementation of its grown and expansion pilot program;

    (c)    In failing to implement proper policies, guidelines, and procedures to comport with the U.S. Constitution, and applicable federal, state and local statutes and laws;

    (d)    In failing to rectify improper practices and customs.

WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS and DOES as follows:

1. General damages in excess of minimal jurisdictional limits of this Court:

2. Special damages according to proof;

3. All incidental expenses according to proof;

4. Prejudgment interest on all general and special damages;

5. Attorney's fees and costs;

6. All costs of suit incurred herein;

7. Such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

### AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, re-alleges and incorporates herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 to 35, inclusive as though set forth fully herein.

36.    DEFENDANTS and DOES, by and through its management, agents, and employees, were charged with duties relating to customer relations pursuant to Bank of America's internal policies, and applicable federal, state and local statutes and laws. DEFENDANTS and DOES failed to adhere to said policies, statutes, and laws, as well as, all

-15-

**COMPLAINT**

1 | legal, national, professional and social work standards, and in not doing so, DEFENDANTS and
2 | DOES acts and/or omissions constitute negligence, resulting in PLAINTIFF's substantive due
3 | process deprivations, and resulting injuries, including the negligent infliction of emotional
4 | distress.

5 |      37.    DEFENDANTS and DOES created a situation whereby they demonstrated a
6 | reckless and callous indifference to PLAINTIFF's constitutional rights, when they conspired to
7 | unlawfully detain PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, at the Marysville Branch of the
8 | BANK OF AMERICA under false pretenses, fully knowing so, and then arranged for his arrest by
9 | the Marysville Police and the Department of Immigration and Custom Enforcement, and
10 | ultimate detention at the Immigration and Custom Enforcement Detention Center.
11 | DEFENDANTS and DOES failed to properly train its management, agents, employees and staff
12 | in the Bank of America's policies, procedures and guidelines on how to deal with the issue of
13 | customer relations pertaining to the undocumented immigrants, including PLAINTIFF, LUIS
14 | MARTINEZ-RODRIGUEZ, particularly in light of its growth and expansion pilot program.
15 | DEFENDANTS and DOES failed to properly train, supervise, and monitor its management,
16 | agents, employees and staff in the BANK OF AMERICA's marketing policies, particularly with
17 | respect to its growth and expansion pilot program, specifically targeting and accommodating
18 | the Hispanic market, of which PLAINTIFF is a member. DEFENDANTS and DOES were willful
19 | participants engaged in joint action in effecting the deprivation of PLAINTIFF's rights, and they
20 | failed to promulgate appropriate policies, guidelines and procedures and failed to rectify
21 | improper practices and customs so as to prevent PLAINTIFF's injuries.

22 |      38.    DEFENDANTS and DOES knew and should have known that unlawfully detaining
23 | PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, under false pretenses would deprive PLAINTIFF of his
24 | substantive due process and equal rights secured by the United States Constitution.
25 | DEFENDANTS and DOES failed to adhere to appropriate and professional standards, and to
26 | proper national, legal and social work standards, and were a willful participant and instigator
27 | engaged in joint action in effecting the deprivation of PLAINTIFF's constitutional rights.
28 | / / /

-16-

39.   DEFENDANTS, and DOES, acted negligently, intentionally, and recklessly, and with conscious disregard with respect to PLAINTIFF's constitutional rights.  In particular, and without limiting the generality of the foregoing, DEFENDANTS and DOES failed to exercise reasonable care in discharging their internal and statutorily imposed duties toward PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and acted with conscious and reckless disregard of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ's Constitutional rights, and caused him to suffer great emotional pain and distress when they:

(a)   Failed to protect PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, from discrimination pursuant to 28 U.S.C., §1343;

(b)   Failed to follow, implement, and adhere to BANK OF AMERICA's internal policies and procedures regarding customer relations;

(c)   Failed to follow and adhere to local and State statutes and laws;

(d)   Failed to follow and adhere to federal statutes and laws;

(e)   Failed to ensure that its management, agents, employees, and staff received proper training; and

(f)   Failed to investigate further, instruct, and train its management, employees, agents, and staff on BANK OF AMERICA's growth and expansion pilot program of targeting the Hispanic Market, of which PLAINTIFF is a member;

(g)   Failed to implement policies, guidelines, and procedures that comport with the U.S. Constitution, and applicable federal, state and local statutes and laws;

(h)   Failed to properly monitor and supervise its management, agents, employees, and staff; and

(i)   Failed to rectify improper practices and customs.

40.   The conduct of DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, constitutes a deliberate deprivation of substantive due process resulting in mental and emotional harm, and a conscious disregard of PLAINTIFF's rights, and subjected PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, to emotional distress, both negligent and intentional, in

-17-

**COMPLAINT**

conscious disregard of his constitutional rights. This deliberate disregard by DEFENDANTS and DOES of their legal, national, local, professional and social work standards and duties, and deliberate disregard of PLAINTIFF's right to be free from discriminatory practices justify the imposition of damages against the DEFENDANTS and DOES.

41.     DEFENDANTS and DOES were negligent and reckless in failing to properly train, supervise and monitor its management, agents, employees and staff of its policies, guidelines and procedures, particularly with respect to its growth and expansion pilot program directed at the undocumented Mexican immigrants, including PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ. DEFENDANTS and DOES were negligent and reckless in failing to properly implement proper policies, guidelines, and procedures in accordance with the U.S. Constitution, and applicable federal, state and local statutes and laws, and by failing to rectify improper practices and customs with regard to PLAINTIFF's rights. DEFENDANTS and DOES knew or should have known, in the exercise of reasonable care, that PLAINTIFF's rights would be violated in the absence of proper training and proper practices.

42.     The aforementioned conduct violates the specific provisions of Federal, State, and Local statutes and laws, as well as violations of DEFENDANTS' own manuals, policies, and procedures. Accordingly, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is entitled to all damages set forth therein including, but not limited to the remedies provided by applicable Federal, State, and Local laws. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is also entitled to enhanced damages contained in civil Code, section 3345 as to punitive and exemplary damages as contained Civil Code, §3294, as to those DEFENDANTS and DOES sued in their individual capacities.

43.     As a proximate result of the foregoing acts and omissions, and all other brutal and offensive acts of negligence involving DEFENDANTS and DOES, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, suffered great emotional and mental injuries and pain and suffering, in particular the negligent infliction of emotional distress. In particular, and without limiting the foregoing, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was subjected to mental anguish, emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear,

-18-

**COMPLAINT**

anxiety, humiliation and personal indignity.  Also as a proximate result of the foregoing acts or omissions, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was required to request the assistance of the Mexican Consulate, as well as, to make arrangements for his release from the Immigration and Custom Enforcement Detention Center so that he could rejoin his family, after being arrested at the Marysville Branch of the BANK OF AMERICA.   PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, did incur expenses in connection therewith, as well as, the expenses associated with the acts of DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, when they closed PLAINTIFF's bank account without notice and confiscated his funds.   The exact amount of such expenses and monies are unknown to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, at this time, and PLAINTIFF will ask for leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained by PLAINTIFF.

WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS and DOES as follows:

    1.  General damages in excess of minimal jurisdictional limits of this Court;

    2.  Special damages according to proof;

    3.  All incidental expenses according to proof;

    4.  Prejudgment interest on all general and special damages;

    5.  Attorney's fees and costs;

    6.  All costs of suit incurred herein;

    7.  Such other and further relief as this Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, re-alleges and incorporates herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 to 43, inclusive as though set forth fully herein.

    44.   PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is informed and believes and upon said information and belief alleges that at all times herein mentioned, DEFENDANTS, BANK OF

**COMPLAINT**

1   AMERICA, ALEX AIVALIKLIS, and DOES, were responsible for lawful and professional customer
2   relations, as well as, training their management, agents, employees and staff, and informing of
3   and training with respect to the policies, guidelines, and procedures, particularly in regard to
4   the growth and expansion pilot programs of the BANK OF AMERICA.  PLAINTIFF is informed
5   and believes and upon said information and belief alleges that at all times herein mentioned,
6   DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, were responsible for
7   implementing proper policies, guidelines and procedures to comport with all applicable laws,
8   and to rectify improper practices and customs.

9          45.     That on, or about, February 22, 2011, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ,
10  was arrested by the Marysville Police and Immigration and Custom enforcement, after being
11  unlawfully detained under false pretenses by DEFENDANTS at the Marysville Branch of THE
12  BANK OF AMERICA.  That, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was requested to meet
13  with the BANK OF AMERICA's branch manager, DEFENDANT, ALEX AIVALIKLIS, on February
14  22, 2011 to discuss alleged "irregularities."  That PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ,
15  had been a BANK OF AMERICA customer for fourteen years and had banking accounts and a
16  mortgage through the BANK OF AMERICA, and, prior to this incident, wanted to set up another
17  account with the BANK OF AMERICA.  That DEFENDANTS and DOES chose to conspire and
18  were willful participants engaged in joint action, and engaged in joint action with state officials
19  in effecting the deprivation of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ'S rights.    That, on
20  February 23, 2011, the BANK OF AMERICA, then elected to close PLAINTIFF's account, and
21  confiscate his monies.

22         46.     Despite the fact that PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, had been a loyal
23  and established customer of the BANK OF AMERICA for over fourteen years, DEFENDANTS and
24  DOES recklessly conspired to unlawfully detain PLAINTIFF under false pretenses, and deprive
25  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, of his substantive due process and have him
26  arrested, which led to his detention at the Immigration and Custom Enforcement Detention
27  Center.

28  / / /

-20-

**COMPLAINT**

47.    DEFENDANT and DOES acted in conscious disregard of PLAINTIFF's rights, privileges and immunities secured by the Constitution and laws.  The unconstitutional acts of DEFENDANTS and DOES violate clearly established constitutional rights which a reasonable official would have known.  DEFENDANT and DOES acted in such a way to intentionally inflict emotional distress upon PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ.  DEFENDANT and DOES not only knew that PLAINTIFF's rights were going to be violated on or about February 22, 2011, but intentionally conspired to deprive him of said rights, when they clearly had the power to prevent said rights from being deprived.

48.    Due to the intentional and reckless conduct of DEFENDANTS and DOES, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, suffered mental anguish, emotional distress, and feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation and personal indignity.  The wrongful acts of DEFENDANTS and DOES alleged herein include, but are not limited to, their deliberate indifference for the rights of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, the failure to properly train, and monitor and supervise its management, agents, employees and staff in its policies, guidelines, procedures, and with respect to its growth and expansion pilot programs, and the failure to implement proper policies, guidelines, and procedures in accordance with the U. S. Constitution and applicable federal, state and local statutes and laws.

49.    As a direct result of the above, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, has suffered extensive emotional trauma and distress, as well as, mental anguish, in an amount unknown at this time, but in excess of the minimum jurisdictional limits of this court.

WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS, and DOES, and each of them as follows:

1.  General damages in excess of minimal jurisdictional limits of this Court;

2.  Special damages according to proof;

3.  All incidental expenses according to proof;

4.  Pre-judgment interest on all general and special damages;

5.  All costs of suit incurred herein;

-21-

**COMPLAINT**

6.  Attorney's Fees;

7.  Exemplary damages;

8.  Such other and further relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACTION

### (NEGLIGENCE PER SE)

### AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, re-alleges and incorporates herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 49, inclusive as though set forth fully herein.

50.     At all times mentioned herein, DEFENDANTS and DOES, and each of them, were and are subject to the requirements of Federal and California State and Local statutes and laws.    DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, DOES, and its management, agents, and employees had a duty to operate and manage their services in a manner so as to prevent the acts and/or omissions alleged herein.    Said duty is defined by The U.S. Constitution, Federal Law, California State Law, applicable social work standards, and local municipal and county laws.

51.     At all times mentioned herein, DEFENDANTS and DOES, and each of them, violated Federal, State and Local Laws designed to protect all persons within the jurisdiction of the United States, when DEFENDANTS acted in disregard of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ's rights by unlawfully detaining him under false pretenses, and then conspiring to have him arrested by the Marysville Police Department and the Department of Immigration and Custom Enforcement, amounting to a substantive due process violation.  DEFENDANTS and DOES, committed further violations when they misrepresented the purpose of the Meeting on or about February 22, 2011 to discuss alleged "irregularities" with PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, a loyal and long standing customer of fourteen years, with banking accounts and a mortgage through BANK OF AMERICA, subsequent to PLAINTIFF's request to open a separate account.  DEFENDANTS and DOES proceeded to further commit violations when they closed PLAINTIFF's account on or about February 23, 2011 without notice, and

**COMPLAINT**

1  confiscated his funds, amounting to conversion and misappropriation of funds. DEFENDANTS
2  and DOES violations include, but are not limited to the following regulations:

3      (a)    California Business & Professions Code, §17200, which prohibits unlawful,
4  unfair, or fraudulent business acts or practices;

5      (b)    California Government Code, §12955, which prohibits any person, bank,
6  mortgage company, or other financial institution to discriminate against any
7  person or group of persons because of race, color, or national origin;

8      (c)    42 U.S.C., §2000, which states that all persons shall be entitled to the full
9  and equal enjoyment of the goods, services, facilities, privileges, advantages,
10 and accommodations of any place of public accommodation of any place of
11 public accommodation without discrimination on the ground of race or national
12 origin;

13     (d)    42 U.S.C., §1981, which states that all persons within the jurisdiction of
14 the United States shall have the same right to have equal benefit of all laws;

15     (e)    42 U.S.C., §3604, which prohibits discrimination against any person in
16 the provision of services;

17     (f)    15 U.S.C., §1691(e), which prohibits any creditor to discriminate against
18 any applicant with respect to any aspect of a credit transaction on the basis of
19 race, color and national origin;

20     (g)    28 U.S.C., §1342, which prohibits the deprivation, under color of any
21 state law, statute, ordinance, regulation, custom or usage, of any right, privilege
22 or immunity secured by the Constitution of the United States, or by any Act of
23 Congress providing for equal rights of citizens or all persons within the
24 jurisdiction of the United States;

25     (h)    42 U.S.C., §1985, which prohibits deprivation to any person of liberty and
26 property without due process of law, and guarantees to any person within its
27 jurisdiction the equal protection of the laws; and

28     (i)    28 U.S.C. §1343, which prohibits the deprivation of rights, privileges or

-23-

**COMPLAINT**

immunities secured by the United States Constitution to any person within the jurisdiction of the United States, and prohibits two or more persons conspiring to deprive directly, or indirectly any person of the equal protection laws.

(j)     California Civil Code, sections 51 and 52, which states that "All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, national origin, ancestry, disability, medical condition, marital status, sexual orientation, are entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

52.     DEFENDANTS and DOES, through the conduct and actions of its management, agents, employees and staff, denied PLAINTIFF LUIS MARTINEZ-RODRIGUEZ full and equal accommodations, advantages, facilities, privileges, and services.    DEFENDANTS' and DOES' conduct was motivated by PLAINTIFF LUIS MARTINEZ-RODRIGUEZ' race, color, national origin and ancestry.    DEFENDANT and DOES' conduct was a substantial factor in causing PLAINTIFF LUIS MARTINEZ-RODRIGUEZ's harm.

53.     DEFENDANTS and DOES, violated the above-referenced regulations, among others, designed for the protection of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, by negligently and intentionally depriving him of his rights secured by the Constitution and its laws. DEFENDANTS and DOES unlawfully detained PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, under false pretenses prior to having him arrested by the Marysville Police and Immigration and Custom Enforcement. DEFENDANTS and DOES then closed his account, after serving him as a customer for fourteen years, on or about February 23, 2011, and confiscated his monies. DEFENDANTS and DOES failed to appropriately train, supervise, and monitor its employees to respond appropriately to situations in accordance with the BANK of AMERICA's internal policies, failed to promulgate appropriate policies, guidelines and procedures, and failed to rectify improper practices and customs.

/ / /

**COMPLAINT**

54.    DEFENDANTS and DOES, and each of them, violations of said regulations resulted in the damages suffered by PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and was the actual and proximate cause of his mental anguish, emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation, and personal indignity.

WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS and DOES, as follows:

1.  General damages in excess of the minimal jurisdictional limits of this Court;

2.  Special damages according to proof;

3.  All incidental expenses according to proof;

4.  Prejudgment interest on all general and special damages;

5.  All costs incurred herein;

6.  Such other and further relief as this Court may deem just and proper.

## FIFTH CAUSE OF ACTION

**(SUBSTANTIVE DUE PROCESS – ACTION BY PLAINTIFF AS TO CIVIL RIGHTS VIOLATION 42 U.S.C., §1983)**

**AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30**

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through 54, inclusive as set forth fully herein.

55.    As a direct and proximate result of DEFENDANTS and DOES conduct, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, experienced mental anguish and emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation and personal indignity, expenses and the damages alleged herein.    DEFENDANTS, their management, agents, and employees, and DOES, and each of them while acting in their official capacities, unlawfully and intentionally conspired to detain unlawfully and falsely imprison PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, in a conference room while waiting for law enforcement to arrest PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, after requesting him to come to the bank under false pretenses.    DEFENDANTS and DOES conduct deprived PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, of his rights secured by the Equal Protection Clause, and all

-25-

rights and privileges secured by the Fourteenth Amendment of the U.S. Constitution and its laws, of his liberty without due process, and similarly denied him the equal protection of its laws. DEFENDANTS and DOES deliberately and intentionally conspired to have PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, meet with the "bank" on or about February 22, 2011 to discuss an alleged irregularity, with the intent to detain him and thereafter have him arrested by the Marysville Police Department and the Department of Immigration and Custom Enforcement, amounting to a substantive due process violation.

56.     DEFENDANTS' and DOES' conduct put PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, in substantial position of serious, immediate, and proximate deprivation of rights secured by the U.S. Constitution.   The deliberate and intentional deprivation of Constitutional rights was obvious and known to the DEFENDANTS and DOES. DEFENDANTS and DOES acted recklessly in conscious disregard of PLAINTIFF's deprivation of rights, and DEFENDANTS' conduct, which violated PLAINTIFF's 14th Amendment liberty interest, is shocking to the conscience.   The deprivation of liberty protections of the Due Process Clause were triggered by the situation at bar, and PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was and is entitled to the substantive due process protections of the 14th Amendment, and has a right to protection from the type of harm suffered.   DEFENDANTS and DOES knew or should have known that PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, has due process rights to liberty interests, and that by engaging in the conduct as they did, violated PLAINTIFF's clearly established constitutional rights.

57.     DEFENDANTS and DOES failed to exercise professional judgment and abdicated their duty to act professionally when they misrepresented to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and the true nature of the meeting on or about February 22, 2011. DEFENDANTS and DOES knowingly disregarded the Constitutional harm to PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and demonstrated a deliberate indifference to the deprivation and violation of his due process rights.

58.     DEFENDANTS and DOES conduct reflects a deliberate and callous indifference to PLAINTIFF's constitutional rights secured by the U.S. Constitution and its laws. DEFENDANTS and DOES knew or should have known that their conduct was based on unconstitutional

-26-

**COMPLAINT**

1  motives, and that they were motivated by constitutionally impermissible reasons.
2  DEFENDANTS and DOES knew or should have known that by misrepresenting the true nature
3  of the meeting with the bank on or about February 22, 2011, and conspiring to unlawfully
4  detain PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, in their conference room so that law
5  enforcement could subsequently arrest him, that said conduct is shocking to the conscious and
6  is an offensive and brutal harm to his dignity.

7       59.    DEFENDANTS and DOES have a statutory duty to provide PLAINTIFF, LUIS
8  MARTINEZ-RODRIGUEZ, with Equal Access to Bank of America's  services, facilities, privileges,
9  advantages, and accommodations without discrimination or segregation on the ground of race,
10  color, religion or national origin.   DEFENDANTS' failure to carry out this duty reveals a
11  deliberate indifference to PLAINTIFF's constitutional rights akin to gross negligence under 42
12  U.S.C., §1983.   DEFENDANTS' conduct is tantamount to an abdication of the duty to act
13  professionally and lawfully, and is a failure to exercise professional judgment, whereby
14  DEFENDANTS violated PLAINTIFF's constitutional rights secured by the Equal Protection Clause,
15  the Due Process Clause, the Bill of Rights, and breached their constitutional and statutory
16  duties therein.

17       60.    DEFENDANTS and DOES violated PLAINTIFF's due process rights when they
18  deprived PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, of his constitutional guarantee of respect
19  for personal immunities which are fundamental, and this deprivation is conduct that is shocking
20  to the conscience.

21       61.    DEFENDANTS and DOES failure to train, supervise, and monitor its
22  management, agents, employees, and staff of its policies, guidelines, and procedures,
23  particularly pertaining to its growth and expansion program, which caters to the Mexican
24  immigrants, including PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is tantamount to a deliberate
25  indifference to the constitutional rights of PLAINTIFF.  This failure to train its management,
26  agents, employees and agents is reflected by the deliberate choice of DEFENDANTS and DOES
27  to misrepresent the true nature of the meeting on or about February 22, 2011 whereby they
28  unlawfully conspired to detain PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and subsequently

-27-

**COMPLAINT**

contacted the Marysville Police and Immigration and Custom Enforcement for his arrest. This inadequate training represented DEFENDANTS and DOES true policies and the deficiencies in training, caused DEFENDANTS and DOES deliberate indifference and was the proximate cause of the damages suffered by PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ.

62. DEFENDANTS and DOES were willful participants engaged in joint action, and in joint action with state officials, in effecting the deprivation of PLAINTIFF's rights under color of law.

63. As a direct result of the DEFENDANTS and DOES conduct, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, suffered damages as alleged herein.

64. The aforementioned acts and/or omissions of the individually named DEFENDANTS and DOES were malicious, reckless, intentional, and/or accomplished with a conscious disregard of PLAINTIFF's rights thereby entitling PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, to an award of exemplary and punitive damages according to proof as to those DEFENDANTS and DOES sued in their individual capacities.

Wherefore, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS and DOES, as follows:

1. General damages in excess of the minimal jurisdictional limits of this Court;

2. Special damages according to proof;

3. All incidental expenses according to proof;

4. Prejudgment interest on all general and special damages;

5. Exemplary damages;

6. For costs and reasonable attorneys' fees pursuant to 42 U.S.C., §1988 and otherwise authorized by statute or law;

7. Such other and further relief as this Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### (ACTION BY PLAINTIFF FOR CIVIL RIGHTS VIOLATION 42 U.S.C., §1983)

### AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through

-28-

**COMPLAINT**

1 | 64, inclusive as set forth fully herein.

2 |     65.    The aforementioned acts and/or omissions of the DEFENDANTS and DOES in
3 | being deliberately indifferent to PLAINTIFF's Constitutional rights, and their deliberate and
4 | reckless indifference to life, were the direct and proximate result of DEFENDANTS and DOES
5 | inattention to and/or inadequate policies, procedures, and practices and customs of
6 | DEFENDANTS and DOES, as alleged. As such, the due process failures to protect from liberty
7 | abuses and failures to protect from discrimination by DEFENDANTS and DOES resulted in the
8 | constitutional harm suffered by PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ.

9 |     66.    Said DEFENDANTS and DOES tacitly encouraged, ratified and/or approved of the
10 | acts and/or omissions alleged herein, and knew or should have known that such conduct was
11 | unjustified and would result in violations of PLAINTIFF's constitutional rights, and PLAINTIFF's
12 | rights pursuant to 42 U.S.C. §2604. DEFENDANTS and DOES knew or should have known that
13 | their conduct constituted discrimination against PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, a
14 | person, in the provision of services because of his status as a Mexican National.

15 |     67.    DEFENDANTS and DOES willful and intentional unconstitutional acts violate
16 | clearly established constitutional rights of which a reasonable official would have known. BANK
17 | OF AMERICA, and its official at the Marysville Branch, DEFENDANT, ALEX AIVALIKLIS, tacitly
18 | encouraged, ratified and/or approved of the acts and/or omissions alleged herein, and knew or
19 | should have known that such conduct was unjustified and would result in violations of
20 | PLAINTIFF's constitutional rights.

21 |     68.    As a direct and proximate result of the aforementioned policies, procedures, and
22 | practices/customs of said DEFENDANTS and DOES, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ,
23 | suffered damages as alleged herein.

24 |     WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ prays for judgment against
25 | DEFENDANTS and DOES, as follows:

26 |     1.    General damages in excess of the minimal jurisdictional limits of this Court;

27 |     2.    Special damages according to proof;

28 |     3.    All incidental expenses according to proof;

-29-

**COMPLAINT**

4.   Prejudgment interest on all general and special damages;

5.   Exemplary damages pursuant to law;

6.   For costs and reasonable attorneys' fees pursuant to 42 U.S.C., §1988 and otherwise authorized by statute or law;

7.   Such other and further relief as this Court may deem just and proper.

## SEVENTH CAUSE OF ACTION

## (SUBSTANTIVE DUE PROCESS – UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS ACTS AND PRACTICES CIVIL RIGHTS VIOLATION 42 U.S.C., §1983)

## AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through 68, inclusive as set forth fully herein.

69.   The aforementioned acts and/or omissions of the DEFENDANTS and DOES in being deliberately indifferent to PLAINTIFF's Constitutional rights, thereby violating his civil rights and their misrepresentation and unlawful detainment, deprived PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, of his liberty interest and violated PLAINTIFF of his substantive due process rights as defined by the Fourteenth Amendment of the United States Constitution. DEFENDANTS' and DOES' conduct violated PLAINTIFF's substantive due process rights and his rights, privileges and immunities secured by the Constitution.

70.   Pursuant to the above, DEFENDANTS' and DOES' conduct is tantamount to a violation of Business and Professional Conduct and constitutes unlawful, unfair and fraudulent business acts and practices in violation of The California Business and Professions Code, §17220. Similarly, DEFENDANTS and DOES violated California Government Code, §12955, which prohibits any bank that provides financial assistance to discriminate against any person because of race, color, religion, ancestry, or otherwise.

71.   As a direct and proximate result of the aforementioned acts and/or omissions of DEFENDANTS and DOES, and their conduct of unlawful, unfair and fraudulent business acts and practices, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, suffered damages and injuries from the resulting discriminatory practices as alleged herein.

**COMPLAINT**

72.    The aforementioned acts and/or omissions of the individually named DEFENDANTS and DOES were malicious, reckless, intentional, and/or accomplished with a conscious disregard of PLAINTIFF's rights thereby entitling PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, to an award of exemplary and punitive damages according to proof, as to the DEFENDANTS and DOES named in their individual capacities.

WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS and DOES, as follows:

1.    General damages in excess of the minimal jurisdictional limits of this Court;

2.    Special damages according to proof;

3.    All incidental expenses according to proof;

4.    Prejudgment interest on all general and special damages;

5.    Exemplary damages pursuant to law;

6.    For costs and reasonable attorneys' fees pursuant to 42 U.S.C., §1988 and otherwise authorized by statute or law;

7.    Such other and further relief as this Court may deem just and proper.

### EIGHTH CAUSE OF ACTION

### (SUBSTANTIVE DUE PROCESS – EQUAL RIGHTS VIOLATIONS

### CIVIL RIGHTS VIOLATION 42 U.S.C., §1983)

### AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and PLAINTIFF METZLY M. A MINOR by and through her guardian ad litem, SYLVIA VILLALPANDO, refers to re-alleges Paragraphs 1 through 72, inclusive as set forth fully herein.

73.    The aforementioned acts and/or omissions of the DEFENDANTS and DOES in being deliberately indifferent to PLAINTIFF's civil rights, thereby violating same, compromised PLAINTIFF's personal indignity, mental anguish, emotional distress, feelings of unjust treatment, reputational harm, economic loss, fear, anxiety, humiliation and monetary expenses. DEFENDANTS and DOES acts and omissions were the direct and proximate cause of PLAINTIFF's deprivation of equal rights secured by the Constitution, and damages resulting

-31-

**COMPLAINT**

1 | therewith. Said acts and omissions constituted the violations of statutes designed to protect
2 | all persons from discriminatory practices within the jurisdiction of the United States.

3 |     74.    Such acts and omissions include but are not limited to violations of 42 U.S.C.
4 | §1981, whereby all persons within the jurisdiction of the U.S. shall have the same rights as is
5 | enjoyed by citizens. DEFENDANTS and DOES displayed a deliberate indifference to the equal
6 | rights of PLAINTIFFS by unlawfully detaining PLAINTIFFS under false premises, and conspiring
7 | to have him arrested by the Marysville Police and Immigration and Custom Enforcement, and
8 | their conduct was a substantial departure from accepted professional judgment and standards
9 | within the parameters of the legal construct of the Constitution and laws associated therewith.

10 |     75.    Such acts and omissions include but are not limited to violations of 15 U.S.C.
11 | wherein DEFENDANTS and DOES unlawfully practiced discrimination against PLAINTIFFS, by
12 | unlawfully detaining them under false pretenses

13 |     76.    Such acts and omissions include but are not limited to violations of 28 U.S.C.A
14 | §1343(3) wherein DEFENDANTS and DOES unlawfully conspired to deprive PLAINTIFFS of the
15 | equal privileges and immunities under the laws. DEFENDANTS and DOES conduct was
16 | shocking to the conscience and was the direct and proximate cause of the deprivation of rights,
17 | privileges and immunities of PLAINTIFFS secured by the Constitution of the United States,
18 | thereby resulting in injury to their personal dignity.

19 |     77.    Said DEFENDANTS and DOES tacitly encouraged, ratified and/or approved of the
20 | acts and/or omissions alleged herein, and knew or should have known that such conduct was
21 | unjustified and would result in violations of PLAINTIFF's constitutional rights.

22 |     78.    As a direct and proximate result of the aforementioned policies procedures, and
23 | practices/customs of said DEFENDANTS and DOES, PLAINTIFFS suffered injuries and damages
24 | as alleged herein.

25 |     WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS and DOES, as
26 | follows:

27 |     1.    General damages in excess of the minimal jurisdictional limits of this Court;
28 |     2.    Special damages according to proof;

-32-

**COMPLAINT**

1    3.    All incidental expenses according to proof;

2    4.    Prejudgment interest on all general and special damages;

3    5.    Exemplary damages;

4    6.    For costs and reasonable attorneys' fees pursuant to 42 U.S.C., §1988 and

5         otherwise authorized by statute or law;

6    7.    Such other and further relief as this Court may deem just and proper.

7    **NINTH CAUSE OF ACTION**

8    **(NEGLIGENT SUPERVISION, MONITORING, AND TRAINING – CALIFORNIA**

9    **STATE LAW)**

10   **AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30**

11   PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through

12   78, inclusive as set forth fully herein.

13   79.   DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, had and have a

14   duty to supervise, monitor, and train, its management, agents, employees and staff so that

15   they did refrain and do refrain from the conduct alleged herein.

16   80.   DEFENDANTS and DOES breached this duty causing the conduct alleged herein.

17   DEFENDANTS and DOES internal policies, guidelines, and procedures were not adhered to,

18   which resulted in the deprivation of PLAINTIFF's substantive due process rights.    Due to

19   DEFENDANTS and DOES failure to supervise, monitor, and train, and their improper practices

20   and customs, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, suffered grave injustices and unlawful

21   discrimination.   Such breach constitutes negligent training, supervision, and monitoring of its

22   management, agents, employees and staff under applicable federal, state, and local laws and

23   statutes.

24   81.   Such breach proximately caused damage and injuries to PLAINTIFF, LUIS

25   MARTINEZ-RODRIGUEZ, as alleged herein.

26   WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against

27   DEFENDANTS, and DOES as follows:

28   1.  General damages in excess of the minimal jurisdictional limits of this Court;

-33-

**COMPLAINT**

1     2.  Special damages according to proof;

2     3.  All incidental expenses according to proof;

3     4.  Prejudgment interest on all general and special damages;

4     5.  Exemplary damages pursuant to law;

5     6.  For costs and reasonable attorneys' fees;

6     7.  Such other and further relief as this Court may deem just and proper.

### TENTH CAUSE OF ACTION

### (MISREPRESENTATION AND FRAUD)

### AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through 81, inclusive as set forth fully herein.

82.    At no time relevant herein did the DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, and its management, agents, employees or staff, ever dispute the fact that DEFENDANT, BANK OF AMERICA and DOES, unleashed a growth and expansion pilot program marketing to the Hispanic segment, of which PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is a member, by offering credit and banking accounts to undocumented Mexican immigrants, eliminating the need for a credit history and/or a social security number. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, was a Bank of America customer for fourteen years, with banking accounts and a mortgage through BANK OF AMERICA, and, on February 22, 2011, was lured into the Bank under false pretenses. DEFENDANTS and DOES then conspired to have PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, arrested by the Marysville Police and the Immigration and Custom Enforcement Officials, which ultimately led to his detention at the Immigration and Custom Enforcement Detention Center. Subsequently, DEFENDANT, BANK OF AMERICA, closed PLAINTIFF's account without notice and confiscated his funds therein, in violation of his Due Process Rights.

83.    Prior to this incident, DEFENDANT, BANK OF AMERICA, found itself limited in growth by the regulatory cap on acquisitions of other banks, and thereby directed its attention to the Hispanic Market, of which PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, is a member, for

**COMPLAINT**

1   expansion. DEFENDANT, BANK OF AMERICA, signed agreements with the Mexican government
2   to provide financial education to the Mexican Nationals, visited and visits the Mexican
3   Consulate daily to capture customers on site, markets to the Hispanic Community in the
4   Spanish language, and offers the Mexican Nationals credit and banking accounts without credit
5   histories and social security numbers.

6       84.    DEFENDANTS and DOES representations concerning the extension of credit to
7   the undocumented Mexican immigrants were false when made and were known to be false
8   when made. Their representations concerning the meeting on or about February 22, 2011
9   were false when made and were known to be false when made. The true facts were that
10  DEFENDANTS and DOES were not willing to commit sufficient resources, staffing, staff
11  training/education, or services to ensure that an incident similar to the one at hand did not
12  occur. DEFENDANTS and DOES conduct put PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, at a
13  substantial risk of deprivation of his Constitutional rights, and, in fact, did deprive PLAINTIFF of
14  his Constitutional rights, and the risk was obvious and known to the DEFENDANTS and DOES,
15  and each of them. DEFENDANTS and DOES acted recklessly and in conscious disregard of
16  PLAINTIFF's rights, and DEFENDANTS and DOES conduct is shocking to the conscience.

17      85.    PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, reasonably relied upon the
18  representations of DEFENDANT, BANK OF AMERICA, to his detriment. DEFENDANTS and DOES
19  misled PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and had the intent to mislead him into
20  believing that the BANK OF AMERICA did, and does, in fact, cater to the immigrant segment,
21  and believed he would be properly served.

22      86.    PLAINTIFF's reliance upon the representations of the Bank of America at all
23  times were justified as he had no basis upon which to believe that any and all representations
24  were not true nor complete for want of disclosure of the true facts.

25      87.    As a direct and proximate result of the foregoing representations, PLAINTIFF,
26  LUIS MARTINEZ-RODRIGUEZ, sustained damages in an amount according to proof at trial.

27      88.    As a further direct and proximate result of the foregoing representations,
28  PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, sustained special damages in an amount according

-35-

1 | to proof at trial.

2 |       89.    By virtue of the foregoing, DEFENDANTS and DOES acted fraudulently,

3 | recklessly, maliciously, and in conscious disregard for the rights of the Mexican immigrants, to

4 | whom they look to for growth and expansion, including PLAINTIFF, LUIS MARTINEZ-

5 | RODRIGUEZ. An award of compensatory damages, in a sum according to proof at trial is

6 | justified.

7 |       WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against

8 | DEFENDANTS and DOES as follows:

9 |     1.     General damages in excess of minimal jurisdictional limits of this Court;

10 |     2.     Special damages according to proof;

11 |     3.     All incidental expenses according to proof;

12 |     4.     Prejudgment interest on all general and special damages;

13 |     5.     Exemplary damages pursuant to law;

14 |     6.     All costs herein;

15 |     7.     Treble damages pursuant to Civil Code Section §3345; and

16 |     8.     Such other and further relief as this Court may deem just and proper.

17 | **ELEVENTH CAUSE OF ACTION**

18 | **(CONSPIRACY/CONVERSION/MISAPPROPRIATION)**

19 | **AS TO ALL DEFENDANTS AND DOES 1 THROUGH 30**

20 |       PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through

21 | 89, inclusive as set forth fully herein.

22 |       90.    At all times mentioned herein, DEFENDANTS and DOES knew that, on or about

23 | February 22, 2011, the purpose of the alleged meeting was not to discuss "irregularities" with

24 | respect to PLAINTIFF's account. DEFENDANTS and DOES knew that they had the intent to

25 | conspire to unlawfully detain PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and have him arrested

26 | by the Marysville Police Department and Immigration and Custom Enforcement. DEFENDANTS

27 | and DOES, and each of them, knew and had the intent to deprive PLAINTIFF, LUIS MARTINEZ-

28 | RODRIGUEZ, of the equal protection of the laws and of the equal privileges and immunities

-36-

**COMPLAINT**

under the laws, thereby depriving PLAINTIFF of his equal rights. DEFENDANTS and DOES, and each of them, knew that they would further deprive PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, of his rights by closing his account without notice and thereafter confiscating his monies, amounting to conversion and misappropriation of funds.

91. This knowledge was exclusively in the possession of the DEFENDANTS and DOES, and PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, had no such knowledge and no opportunity to obtain true information. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, assumed the BANK OF AMERICA operations were properly run in compliance with law and that the services and promises offered to customers were true. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, relied on the representations of DEFENDANTS, BANK OF AMERICA, ALEX AIVALIKLIS, and DOES at all times as true and correct, and trusted said representations.

92. At all times mentioned herein, DEFENDANTS and DOES have knowledge that the arrest of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, would occur on or about February 22, 2011, and had the power to prevent this violation of PLAINTIFF's rights. At all times mentioned herein, DEFENDANTS and DOES were motivated by constitutionally impermissible reasons and caused the furtherance of said conspiracy, thereby intentionally injuring PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, by their reckless and callous indifference to his constitutional rights. Furthermore, DEFENDANTS and DOES were willful participants engaged in joint action, and subsequently involved the Marysville Police and Immigration and Customs Enforcement in effecting the deprivation of PLAINTIFF's rights.

93. PLAINTIFF's reliance upon the representations of DEFENDANTS, the BANK OF AMERICA, ALEX AIVALIKLIS, and DOES, were justified as he had no basis upon which to believe that said representations were not true, nor complete for want of disclosure of the true facts.

94. By virtue of the foregoing, DEFENDANTS and DOES have acted recklessly and maliciously and in conscious disregard for the rights of PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and an award of compensatory damages, in a sum according to proof at trial is justified.

-37-

**COMPLAINT**

WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS and DOES, as follows:

1. General damages in excess of the minimal jurisdictional limits of this court;

2. Special damages according to proof;

3. All incidental expenses according to proof;

4. Prejudgment interest on all general and special damages;

5. Exemplary damages pursuant to law;

6. All costs incurred herein; and

7. Treble damages pursuant to Civil Code Section §3345; and such other and further relief as this Court may deem just and proper.

## TWELFTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR HOUSING ACT

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through 94, inclusive as set forth fully herein.

95. PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ has dutifully and regularly paid his mortgage in a timely manner originally to Countrywide Home Loans and then to Bank of America. At no time during his years as a customer of Bank of America did Defendants inform Plaintiff that he was not meeting Bank of America's requirements for identification or that his immigration status would affect his bank accounts or his mortgage.

96. Recently, while seeking a loan modification on his mortgage, Plaintiff has learned that his mortgage, which he originated with Countrywide Home Loans and is now held by Bank of America, has been frozen. Defendants gave no reason for taking this action. PLAINTIFF learned this retaliatory action was taken by DEFENDANTS only after DEFENDANTS learned of Plaintiffs immigration status and his potential litigation.

97. Plaintiff is informed and believes that Bank of America engaged in unfair and deceptive practices by freezing Plaintiff's mortgage because of his race, ethnicity or immigration status in clear violation of Title VIII of the Civil Rights Act of 1968 (Fair Housing Act) which prohibits

-38-

**COMPLAINT**

discrimination in the sale, rental and financing of dwellings based on race, color, religion, sex or national origin.

98.     By virtue of the foregoing, DEFENDANTS and DOES have acted recklessly and maliciously and in conscious disregard for the rights of PLAINTIFF, and an award of compensatory damages, in a sum according to proof at trial is justified.

WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against DEFENDANTS and DOES, as follows:

1.     General damages in excess of the minimal jurisdictional limits of this court;

2.     Special damages according to proof;

3.     All incidental expenses according to proof;

4.     Prejudgment interest on all general and special damages;

5.     Exemplary damages pursuant to law;

6.     All costs incurred herein; and

7.     Treble damages pursuant to Civil Code Section §3345; and such other and further relief as this Court may deem just and proper.

## THIRTEENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

99.     PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, refers to and re-alleges Paragraphs 1 through 94, inclusive as set forth fully herein.

100.     By freezing Plaintiffs mortgage, Defendants have created a cloud upon the title of Plaintiffs home, and has put Plaintiff at risk for losing his home through foreclosure.

101.     Plaintiff is informed and believes that Bank of America acted to freeze Plaintiff's mortgage because of his race, ethnicity or immigration status in clear violation of Title VIII of the Civil Rights Act of 1968 (Fair Housing Act) which prohibits discrimination in the sale, rental and financing of dwellings based on race, color, religion, sex or national origin.

WHEREFORE PLAINTIFF LUIS MARTINEZ-RODRIGUEZ PRAYS FOR JUDGMENT AGAINST DEFENDANTS AND DOES as follows:

-39-

**COMPLAINT**

1. For Declaratory relief enjoining Bank of America from continuing its conduct which has adversely affected the title to Plaintiffs property
2. For Declaratory relief enjoining defendant from foreclosing on Plaintiff Martinez-Rodriguez's home to which Bank of America now holds the mortgage.
3. And requiring Bank of America to take all actions necessary to cure defects in title resulting from its freezing mortgages secured by Plaintiff Louis Martinez-Rodriguez's home

## FOURTEENTH CAUSE OF ACTION FOR FALSE IMPRISONMENT

PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and PLAINTIFF METZLY M. a minor through her guardian ad litem, SYLVIA VILLALPANDO        refers to and re-alleges Paragraphs 1 through 101, inclusive as set forth fully herein.

102.    The allegations in the complaint stem from an incident on February 22, 2011 wherein PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ was enticed by the unfair and deceptive conduct of Defendant and its agents, and then unlawfully detained at the Marysville Branch of the BANK OF AMERICA in Marysville, California.   Defendant Bank of America and its bank manager Alex Aivalikis's conduct and treatment of Plaintiffs was, at all times relevant herein, motivated by plaintiffs race, color, national origin and ancestry.

103.    Plaintiff arrived at the bank where he has been banking for years, with his six year old daughter Metzley for what he was led to believe would be a brief meeting.  Once he entered the bank he and his daughter were detained by DEFENDANTS agents and /or employees including bank manager Alex Aivalikis.

104.    PLAINTIFF LUIS MARTINEZ-RODRIGUEZ who's primary language is Spanish and who had been entreated by Mr. Aivaklaivs to come to the bank under false pretenses was uncertain as to what was happening.  When Mr. Martinez-Rodriguez attempted to use his cell phone to call his wife to come and pick up his daughter, so that she would not be present for his humiliating and upsetting experience, whereupon the phone was taken away from him by the bank manager.

105.    As plaintiff and his daughter waited, his daughter, who is six and speaks English asked to go to the bathroom.  The bank manager refuses to allow her to use the bathroom, would not allow Mr. Martinez to take his daughter to the bathroom and refused to allow

-40-

COMPLAINT

1  Plaintiff to call someone to come and get his little daughter.

2      106.   After some difficult negotiations and over Mr. Martinez's objections, a male bank

3  officer escorted Metzley to the bathroom. She was later taken from the bank in tears, by her

4  mother.

5      107.   DEFENDANTS and ALEX AIVIALAKAIS detained Plaintiffs without sufficient

6  authority, deprived them of their liberty and compelled them to remain where they did not

7  wish to remain.

8      108.   By virtue of the foregoing, DEFENDANTS and DOES have acted recklessly and

9  maliciously and in conscious disregard for the rights of PLAINTIFF, and an award of

10  compensatory damages, and punitive damages in a sum according to proof at trial is justified.

11      WHEREFORE, PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, prays for judgment against

12  DEFENDANTS and DOES, as follows:

13      1.      General damages in excess of the minimal jurisdictional limits of this court;

14      2.      Special damages according to proof;

15      3.      All incidental expenses according to proof;

16      4.      Prejudgment interest on all general and special damages;

17      5.      Punitive damages pursuant to law;

18      6.      All costs incurred herein; and

19      7.      Treble damages pursuant to Civil Code Section §3345; and such other and

20  further relief as this Court may deem just and proper.

21

22  DATED: 12/20/11                    **DREYER BABICH BUCCOLA WOOD, LLP**

23

24                                    By: _____

25                                        HANK G. GREENBLATT

26

27

28

-41-

**COMPLAINT**

1

2                    **REQUEST FOR JURY TRIAL**

3        Plaintiff LUIS MARTINEZ-RODRIGUEZ hereby demands trial by jury of each Claim for

4   Relief set forth in this complaint and in this matter.

5

6                    **DREYER BABICH BUCCOLA WOOD, LLP**

7

8        By: _____

9                    HANK G. GREENBLATT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                   -42-
**COMPLAINT**

# EXHIBIT A

Statement of Gabriel Manjarrez
Senior Vice President - National Hispanic Consumer Marketing
Bank of America

At the Hearing on: "Serving the Underserved:
Initiatives to Broaden Access to the Financial Mainstream"

Before The Subcommittee on Financial Institutions and Consumer Credit
Of the United States House of Representatives
Committee on Financial Services

2128 Rayburn House Office Building
June 26, 2003
10:00 a.m.

Chairman Bachus and distinguished members of the Subcommittee,

My name is Gabriel Manjarrez and, on behalf of Bank of America, I want to thank you for the invitation to testify on our initiatives to bring the "unbanked" and "underserved" into the mainstream financial system and specifically two of our programs seeking that objective in the Hispanic market.

I am the Bank's senior vice president in charge of marketing to Hispanic consumers. In this role, it is my job to develop sales and marketing strategies that will connect our Hispanic customers with the financial products and services in a way that provides them with the most positive and integrated banking experience. In fact, our in-language advertising slogan is "Superacion Constante" which conveys that we are "always striving for improvement" in the way we serve this market. I'd like to take a little time today to describe what we have done to be responsive to the needs of this market.

Mexican Consulate ID
The first program I want to discuss was our initiative to accept the use of Mexican Consulate ID card (or "*Matricula Consular*"). In short, we developed this initiative because we wanted to make it easier for Mexican citizens living in the USA to have access to banking services from Bank of America. Like many of our Hispanic customers, we recognized the opportunity presented by Mexican Consulate ID but needed to see if the card could serve as an effective form of identification. So, in December 2001, we launched a pilot to begin accepting this card as a primary form of identification for cashing checks and opening new accounts (when presented along with a secondary form of identification). This pilot was established in select markets with sizeable Mexican immigrant populations in Arizona, California, New Mexico and Texas.

The results were quite convincing with <u>significant net gains</u> on new checking and savings accounts that have continued an upward trend to this day. In fact, the pilot program was so successful that we decided to ramp it up nationwide as of June 1, 2002.

The size and significance of this step should not be underestimated because Bank of America is the nation's largest retail bank with more than

four thousand banking centers, more than thirteen thousand ATMs and the only footprint that spans from east coast to west coast. With 75% of the country's Hispanic population living in communities serviced by Bank of America, we knew that this market had a high need for banking services and a high growth potential.

Overall, I would say that our experience has been very positive. More consumers are using the card to access banking services than would ordinarily have the opportunity to subscribe to them.

Today, every single Bank of America banking center recognizes the card as a valid form of identification. We believe that banking services ought to be made available to everyone so that they can manage their money without carrying large sums of cash. The consequences of having to carry a stash of cash can be quite dire and take the form of muggings and other violent crimes.

Some critics of the Mexican Consulate ID have raised concerns about increased risk of fraud. We thoroughly considered these risks and have significant controls in place for screening potential customers and monitoring their accounts for fraudulent activity. We are also working closely with government agencies to comply with ANY and ALL regulatory requirements including those resulting from the Patriot Act.

With regard to newly proposed legislation at the federal and state level, we are closely monitoring these proposals for any impact on our program. Our position is that, because verification requirements are so important when issuing identification documents, we strongly encourage the US and Mexican governments to work together to ensure that the Consulates have the best authentication measures and tracking systems in place. We also applaud the Mexican government for developing much stronger security measures to ensure the integrity of the card itself. Today, many consider it more secure than a U.S. passport or other ID because it has many more security features.


SafeSend
The second program that we developed to broaden access to financial services in the Hispanic market is in response to the $9 billion in international money transfers that are sent from the United States to

Mexico each year.  We launched an entirely unprecedented international money transfer service called *SafeSend*™ as an alternative to the traditional wire transfer services that dominate this marketplace.

*SafeSend* is a safe, trustworthy and convenient card that uses the telephone, Internet and the ATM network rather than expensive wire services.  Our *SafeSend* customers can send money by phone or electronically to loved ones in Mexico 24 hours a day, 7 days a week, without having to leave the comfort of their own homes. Then, on the receiving end in Mexico, the recipient uses a secure personal identification number (PIN) and a *SafeSend* ATM card to access the money within minutes at any of 20,000 ATMs.

We created this new product because customer feedback demonstrated showed the demand for more options in the money transfer business. *SafeSend* is the first service that Bank of America designed exclusively for Hispanics. It offers greater value and convenience than traditional wire transfer products and provides a secure service at a low cost to the sender and at no cost to the recipient.

More than <u>one third</u> of all our *SafeSend* customers open checking accounts when they subscribe to this service. In other words, one out of every three *SafeSend* customers did not have a bank account, but opened one when they started using *SafeSend*.  We are proud of these results and look forward to the continuation of this trend.


Financial Education Initiatives
Last, we would be remiss if we failed to mention efforts to mainstream underserved populations into banking through financial education initiatives. Bank of America is one of the nation's strongest supporters of financial education.  We have a long-standing commitment to the health of the communities where we do business, and as a provider of financial services, we have a responsibility to help our customers and clients understand our products and services so that they can plan for every stage of their lives. Here are some examples:

- In 2002, Bank of America and the National Council on Economic Education (NCEE) launched "Financial Fitness for Life" an innovative financial education curriculum for students from kindergarten through

high school. This program presents key concepts in economics in personal finance in an easy-to-understand style, using real-life examples to which students of all ages can relate.

- Bank of America is partnering with the National Council of La Raza (NCLR) on their "En Su Casa" program to provide homeownership counseling in 12 cities.

- Bank of America is partnering with Freddie Mac and Consumer Credit Counseling Service (CCCS) to provide Credit Works, a unique program to expand homeownership opportunities for low/moderate income families.

- Bank of America also partnered with Consumer Action (CA) to create a set of free educational brochures distributed through CA's national network of more than 6,500 community-based groups.

Recap
In sum, the Mexican Consulate ID, *SafeSend* and our financial education initiatives are opening the door to financial services for more unbanked consumers.  As a result, more are opening new banking accounts, cashing checks, making international money transfers, subscribing to other banking services and becoming more documented in the process.  We are providing opportunity for thousands to gain access, many for the first time, to mainstream banking services and applaud the Subcommittees interest in learning more about this subject.

I would just like to thank the Subcommittee once again for the opportunity to share our perspective.  I look forward to answering any questions.