1  MARK I. WRAIGHT (State Bar No. 228303)
   ANDREW S. ELLIOTT (State Bar No. 254757)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
4  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
5
   Attorneys for Defendants
6  BANK OF AMERICA, N.A.
   and ALEX AIVALIKLIS
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | LUIS MARTINEZ-RODRIGUEZ, individually and METZLY M., a minor by and through her guardian ad litem, SYLVIA VILLALPANDO,, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA; ALEX AIVALIKLIS; and DOES 1 through 30, inclusive,, <br><br> Defendants. | Case No.: CV11-6572 (CRB) <br><br> **BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FED R. CIV. P., RULE 12(B)(6)]** <br><br> Hearing Date:   March 16, 2012 <br> Time:           10:00 a.m. <br> Judge:          Hon. Charles R. Breyer <br> Dept.:          Courtroom 8, 19th Floor <br> Complaint Date: December 21, 2011 |
|---|---|

**1**                         **NOTICE OF MOTION AND MOTION TO DISMISS**

**2**       **PLEASE TAKE NOTICE** that on March 16, 2012, at 10:00 a.m., or as soon thereafter as

**3** the matter may be heard in Courtroom 8, 19th Floor, of the above entitled Court, located at 450

**4** Golden Gate Avenue, San Francisco, CA 94102, defendants Bank of America, N.A., incorrectly

**5** sued as Bank of America, and Alex Aivaliklis (collectively referred to as "BofA"), will, and

**6** hereby do, move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss:

**7**       1.     Plaintiff Luis Martinez-Rodriguez's ("Martinez") fourth cause of action for

**8** "Negligence Per Se" for failure to state a claim upon which relief can be granted.

**9**       2.     Martinez's fifth through eighth causes of action for violations of 42 U.S.C. § 1983

**10** for failure to state a claim upon which relief can be granted.

**11**       3.     Martinez's tenth cause of action for fraud for failure to state a claim upon which

**12** relief can be granted.

**13**       4.     Martinez's eleventh cause of action for Conspiracy/Conversion/Misappropriation

**14** for failure to state a claim upon which relief can be granted.

**15**       5.     Martinez's twelfth cause of action for Violation of the Fair Housing Act for failure

**16** to state a claim upon which relief can be granted.

**17**       6.     Martinez's thirteenth cause of action for Declaratory Relief for failure to state a

**18** claim upon which relief can be granted.

**19**       7.     Martinez and Metzly M.'s fourteenth cause of action for false imprisonment for

**20** failure to state a claim upon which relief can be granted.

**21**       This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on

**22** the grounds stated above.  The motion is based on this notice, the accompanying memorandum of

**23** points and authorities, the complaint, and all other records and papers on file in this action.

**24**       **PLEASE TAKE FURTHER NOTICE** that at the same time and place, BofA will move

**25** to strike Martinez's causes of action for Negligence (first cause of action), Negligence/Negligent

**26** Infliction of Emotional Distress (second cause of action), Intentional Infliction of Emotional

**27** Distress (third cause of action, Negligence Per Se (fourth cause of action), Negligent Supervision,

**28** Monitoring and Training (ninth cause of action), Misrepresentation and Fraud (tenth cause of

-2-

action), and Conspiracy / Conversion / Misappropriation (eleventh cause of action) pursuant to California Code of Civil Procedure section 425.16.

DATED: February 10, 2012                    SEVERSON & WERSON
                                            A Professional Corporation


                                            By:    /s/ *Andrew S. Elliott*
                                                        Andrew S. Elliott

                                            Attorneys for Defendants
                                            BANK OF AMERICA, N.A.
                                            and ALEX AIVALIKLIS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS AND PLEADINGS ...................................................................1

III. LEGAL STANDARD ..........................................................................................................2

IV. ARGUMENT .......................................................................................................................2

    A. Negligence Per Se Is Not a Separate Claim for Relief ...........................................2

    B. Martinez's 42 U.S.C. § 1983 Claims Fail Because BofA Was Not Acting Under Color of State Law ............................................................................3

        1. Joint Action .................................................................................................3

        2. Public Function ...........................................................................................5

        3. Compulsion Test .........................................................................................6

        4. Nexus Test ..................................................................................................6

    C. Martinez's Misrepresentation and Fraud Claims Are Not Adequately Plead ..........................................................................................................................7

    D. Martinez Does Not Adequately Plead Facts Supporting a Claim for Conspiracy, Conversion or Misappropriation ..........................................................7

    E. Martinez's Twelfth Cause of Action for Violation of the Fair Housing Act Is Vague and Therefore Fails to State Facts Sufficient to State a Claim for Relief ......................................................................................8

    F. Martinez's Thirteenth Cause of Action for Declaratory Relief Is Vague and Therefore Fails to State Facts Sufficient to State a Claim for Relief ........................................................................................................................8

    G. Martinez and Metzly M. Fail to Alleges Facts Sufficient to State a Claim for Relief for False Imprisonment ................................................................8

V. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Alperin v. Vatican Bank*,
  410 F.3d 532 (9th Cir. 2005) ................................................................................................. 2

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 555 (2007) ............................................................................................................ 2, 9

*Burnette v. Humane Society of Ventura County*,
  294 F.3d 1205 (9th Cir. 2002) ............................................................................................ 3, 4

*Burns v. County of King*,
  883 F.2d 819 (9th Cir. 1989) .................................................................................................. 4

*Collins v. Womancare*,
  878 F.2d 1145 (9th Cir. 1989.) ........................................................................................... 4, 6

*Coverdell v. Dept. of Social and Health Services*,
  834 F.2d 758 (9th Cir.1987) ................................................................................................... 4

*DeGrassi v. City of Glendora*,
  207 F.3d 636 (9th Cir. 2000) .................................................................................................. 4

*Desaigoudar v. Meyercord*,
  223 F3d 1020 (9th Cir. 2000) ................................................................................................. 7

*Dwares v. City of N.Y.*,
  985 F.2d 94 (2d Cir.1993) ...................................................................................................... 4

*Evans v. Valero Energy Corp.*,
  2007 WL 707529 (E.D. Cal., 2007) ....................................................................................... 6

*Henderson v. City of Simi Valley*,
  305 F.3d 1052 (9th Cir. 2002) ................................................................................................ 3

*Kirtley v. Rainey*,
  326 F.3d 1088 (9th Cir. 2003) ........................................................................................ 3, 5, 7

*Lee v. Town of Estes Park*,
  820 F.2d 1112 (10th Cir. 1987) .............................................................................................. 6

*Mathis v. Pacific Gas & Electric Co.*,
  75 F.3d 498 (9th Cir. 1996) .................................................................................................... 4

*Moore v. Kayport Package Express, Inc.*,
   885 F2d 531 (9th Cir. 1989) ................................................................................................ 7

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ............................................................................................... 2

*Papasan v. Allain*,
   478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ...................................................... 4

*Rivera v. Green*,
   775 F.2d 1381 (9th Cir.1985) .............................................................................................. 6

*Sutton v. Providence St. Joseph Med. Ctr.*,
   192 F.3d 826 (9th Cir.1999) ................................................................................................ 6

*Sykes v. State of Cal. (Dep't of Motor Vehicles)*,
   497 F.2d 197, 202 (9th Cir.1974) ........................................................................................ 4

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ............................................................................................... 2

*West v. Atkins*,
   487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) ........................................................ 3

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ............................................................................................... 2

**STATE CASES**

*City of Newport Beach v. Sasse*,
   9 Cal. App. 3d 803 (1970) .................................................................................................. 9

*Das v. Bank of America, N.A.*,
   186 Cal.App.4th 727 (2010) ............................................................................................... 3

*Fermino v. Fedco, Inc.*,
   7 Cal. 4th 701 (1994) ........................................................................................................... 9

*Johnson v. Honeywell Internat. Inc.*,
   179 Cal.App.4th 549 (2009) ............................................................................................... 3

*Millard v. Biosources, Inc.*,
   156 Cal.App.4th 1338 (2007) ............................................................................................. 3

*Moffat v. Buffums' Inc.*,
   21 Cal.App.2d 371 (1937) .................................................................................................. 9

*Molko v. Holy Spirit Assn*,
   46 Cal.3d 1092 (1988) ........................................................................................................ 8

-iii-

*Moore v. City & County of San Francisco*,
  5 Cal. App. 3d 728 (1970) .................................................................................................. 9

*Peterson v. Robison*,
  43 Cal.2d 690 (1954) ........................................................................................................... 9

*Quelimane Co. v. Stewart Title Guaranty Co.*,
  19 Cal.4th 26 (1998) ............................................................................................................ 7

*Schanafelt v. Seaboard Finance Co.*,
  108 Cal.App.2d 420 (1951) ................................................................................................. 9

*Vandiveer v. Charters*,
  110 Cal.App. 347 (1930) ..................................................................................................... 9


**FEDERAL RULES AND STATUTES**

Federal Rules of Civil Procedure
  Rule 8 ............................................................................................................................... 2, 8
  Rule 9 .................................................................................................................................. 7
  Rule 12 ................................................................................................................................ 2

United States Code
  Title 42, § 1983 ........................................................................................... *passim*

# MEMORANDUM OF POINTS & AUTHORITIES

## I.   INTRODUCTION

Defendants Bank of America, N.A. (the "Bank") and Alex Aivaliklis ("Aivaliklis") (collectively referred to as "BofA") move to dismiss plaintiff Luis Martinez-Rodriguez's ("Martinez") causes of action against BofA for negligence per se, violations of 42 U.S.C. §1983, fraud, conspiracy/conversion/misappropriation, violation of the Fair Housing Act, declaratory relief and false imprisonment for failure to state a claim upon which relief can be granted.

Martinez's negligence per se cause of action fails because the doctrine of "negligence per se" is not a separate claim of relief, but rather an evidentiary presumption that affects the standard of care in a cause of action for negligence.

Martinez's 42 U.S.C. §1983 claims[1] fail because BofA is not a state actor nor was it acting under color of state law.  Martinez does not sufficiently allege that BofA was involved in a joint action or that it was endowed by the State with powers or functions governmental in nature. Likewise, Martinez does not allege facts showing the State coerced BofA to act or that there is a nexus between BofA and the State such that the seemingly private behavior may be fairly treated as that of the State itself.

Martinez's fraud, conspiracy and false imprisonment claims also fail because Martinez alleges nothing more than mere labels and conclusions devoid of factual allegations sufficient to state a claim to relief that is plausible on its face.

Finally, Martinez's claims for violation of the Fair Housing Act and declaratory relief fail because they are impermissibly vague and do not put BofA on notice as to what Martinez's alleged claims are.

## II.   STATEMENT OF FACTS AND PLEADINGS

According to Martinez's complaint, on February 22, 2011, Aivaliklis contacted Martinez—a long time bank customer—and asked him to come to the Marysville Banking Center

---

[1] Although Martinez's complaint is unclear, it appears that federal court jurisdiction is based entirely on Martinez's 42 USC 1983 claims.  There are not allegations of diversity jurisdiction.

-1-

to discuss alleged account irregularities.  Compl., ¶11.  Rather than to discuss account irregularities, Martinez alleges that BofA, unidentified DOE defendants, the Marysville Police Department and Immigration and Customs Enforcement instead conspired to arrest Martinez and to deprive him of his constitutionally protected rights.  *Id*., ¶12.  Martinez further alleges that BofA's actions were motivated by racial animus.  *Id*., ¶97.

### III.   LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  On a motion to dismiss, although the Court accepts as true the facts properly pleaded in the complaint, a court should not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  The Rule 8 pleading standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id*. at 557.  Thus, "[a] district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005).

### IV.   ARGUMENT

#### A.   Negligence Per Se Is Not a Separate Claim for Relief

Martinez's fourth cause of action for "Negligence Per Se", alleges BofA violated at least 10 state and federal statutes.  Compl., pp. 22-23.   But "the doctrine of negligence per se is not a

-2-

1 separate cause of action, but creates an evidentiary presumption that affects the standard of care
2 in a cause of action for negligence.  The doctrine of negligence per se does not provide a private
3 right of action for violation of a statute." *Johnson v. Honeywell Internat. Inc.*, 179 Cal.App.4th
4 549, 555–556 (2009) (citations); *Das v. Bank of America, N.A.*, 186 Cal.App.4th 727, 737-38
5 (2010); *Millard v. Biosources, Inc.*, 156 Cal.App.4th 1338, 1353 (2007).  Thus, Martinez's cause
6 of action for "negligence per se" fails to state a claim upon which relief can be granted.

**B.    Martinez's 42 U.S.C. § 1983 Claims Fail Because
BofA Was Not Acting Under Color of State Law**

In his fifth through eighth causes of action, Martinez alleges that BofA violated 42 U.S.C. 1983 (the "Civil Rights Act").  Compl., pp. 25-33.

"42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution.  Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials.  To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002).  Thus, the first step in establishing BofA's § 1983 liability, Martinez must sufficiently plead that BofA engaged in state action.

A plaintiff asserting a section 1983 claim must allege that the deprivation of a constitutional right was by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).  The Ninth Circuit recognizes the following four different criteria, or tests, used to identify state action by private actor, for purposes of § 1983: (1) joint action, (2) public function, (3) governmental compulsion or coercion, and (4) governmental nexus.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

**1.    Joint Action**

To be engaged in joint action, a private party must be a "willful participant" with the state in an activity that deprives others of constitutional rights.  *Burnette v. Humane Society of Ventura County*, 294 F.3d 1205, 1211 (9th Cir. 2002).  "A private party is liable under this theory,

-3-

however, only if its particular actions are 'inextricably intertwined' with those of the government." *Id*. (emphasis added) (citing *Mathis v. Pacific Gas & Electric Co*., 75 F.3d 498, 503 (9th Cir. 1996) (finding no state action because plaintiff failed to present evidence of direct or indirect support of state officials in actual decision to terminate plaintiff, despite evidence that defendant conducted investigation in close cooperation with County drug task force).)  Joint action therefore requires a "substantial degree of cooperative action" between the state and the private party.  *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989.)

A conspiracy between the State and a private party to violate another's constitutional rights may satisfy the joint action test.  *Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1211 (9th Cir. 2002).  But "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff ***must state specific facts*** to support the existence of the claimed conspiracy."  *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citing *Coverdell v. Dept. of Social and Health Services*, 834 F.2d 758, 769 (9th Cir.1987) (emphasis added).  A "bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that defendants acted under color of state law or authority." *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (internal quotation marks omitted) (citing *Sykes v. State of Cal.* (*Dep't of Motor Vehicles*), 497 F.2d 197, 202 (9th Cir.1974).

Here, Martinez's bare allegation that "DEFENDANTS and DOES chose to conspire and were willful participants engaged in joint action, with state officials in effecting the deprivation of PLAINTIFF'S freedom and rights" is insufficient to state a claim establishing joint action.[2]

---

[2]   Mere labels and conclusions devoid of factual allegations are insufficient to state a claim for relief.  *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  In addition, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct."  *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir.1993) (citations, internal quotation marks, and internal alterations omitted).

Compl., ¶12[3]. Martinez fails to allege any facts tending to show that BofA was acting under of state law or authority. There are no allegations that defendant Aivaliklis or any other employee of BofA did anything more than summon police.[4] Martinez makes only the most conclusory of assertions about a "conspiracy" between BofA and unnamed DOE defendants.

There are no alleged facts plausibly suggesting that BofA and any state actor—whether Immigration and Customs Enforcement or the Marysville Police[5]—came to an agreement to violate Martinez's constitutional rights. There are no alleged circumstances pointing toward a meeting of the minds. The complaint fails to identify when BofA and its unnamed co-conspirators met, what was discussed or what was agreed upon.

Because BofA is not a state actor, and Martinez has not alleged sufficient facts to support the conclusion that it participated in a joint action with a state actor, Martinez's § 1983 claims against BofA must be dismissed.

### 2. Public Function

Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations. *Kirtley v. Rainey*, 326 F.3d at 1093 (citations omitted). The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental. *Id*.

---

[3]   See also Compl., ¶11 ("DEFENDANTS, their management, agents and employees, and DOES, and each of them while acting in their official capacities, and through their abuse of privileged information instead unlawfully and intentionally conspired to and did detain PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and his daughter PLAINTIFF METZLEY M. at the bank."), ¶22(c) ("Said DEFENDANTS and DOES allowed their management, agents, employees and staff through manipulation and deceit while concealing their true intent to arrange a meeting with PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and then conspire to unlawfully detain PLAINTIFF while arranging for his arrest, and ultimately his detention at the Immigration and Custom Enforcement Detention Center."), ¶22(d) (same), ¶24 (same), ¶26 (same), ¶29 (same), ¶31 (same), ¶37 (same), ¶¶45—47 (same), ¶51 (same), ¶55 (same), ¶58 (same), ¶61 (same), ¶74 (same), ¶76 (same), ¶82 (same), ¶90 (same) and ¶92 (same).

[4]   And complaining to the police does not convert a private party into a state actor. See fn. 7, *infra*.

[5]   Immigration and Customs Enforcement and the Marysville Police are the only law enforcement entities discussed in the complaint. But Martinez does not allege that BofA had any contact with these entities other than when it submitted its police report.

-5-

Here, there are no allegations that BofA performed any function traditionally and exclusively reserved to the States.[6] Martinez does not allege that BofA arrested him or that BofA detained him at the Immigration and Customs Enforcement Detention Center. BofA is alleged only to have caused his arrest.[7] Compl., ¶13 ("DEFENDANTS and DOES through unfair and deceptive acts conspired to deprive Plaintiff of his rights and freedom and were the direct and proximate cause of his arrest on February 22, 2011."); see also Compl., ¶¶21, 31, 37, 43, 45, 46, 51, 53, 55, 48, 61, 74, 82, 90 and 92.).

### 3. Compulsion Test

The compulsion test considers whether the coercive influence or "significant encouragement" of the state effectively converts a private action into a government action. *Id*., at 1094 (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836-37 (9th Cir.1999) (canvassing applications of the compulsion test involving the actions of private parties required under law or regulation).

As under the Public Function test, Martinez alleges no facts suggesting that the State offered significant encouragement to convert a private action into a government action.[8]

### 4. Nexus Test

"Arguably the most vague of the four approaches, the nexus test asks whether there is a such a close nexus between the State and the challenged action that the seemingly private

---

[6] Indeed, Martinez appears to tether BofA's liability under § 1983 solely on the basis that BofA conspired to conduct a joint action with unidentified State actors. Compl., ¶12 ("DEFENDANTS and DOES chose to conspire and were willful participants **engaged in joint action**, with state officials in effecting the deprivation of PLAINTIFF'S freedom and rights, when they initiated his detention, detained him, and held him until his arrest by law enforcement.") (emphasis added). See also Compl., ¶¶22(d), 26, 31, 32, 37, 38, 45, 62 and 92.

[7] It is well settled that merely complaining to the police "does not convert a private party into a state actor." *Evans v. Valero Energy Corp.*, 2007 WL 707529 (E.D. Cal., 2007) (citing *Collins v. Womancare*, 878 F.2d 1145, 1145 (9 Cir. 1989) and *Rivera v. Green*, 775 F.2d 1381, 1382-84 (9th Cir.1985); see also *Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir. 1987) (the private party, besides effecting the citizen's arrest, also transported the arrested party to the police station, attempted to persuade the police to file charges, and swore out a complaint against the arrested party. Nonetheless, the Tenth Circuit held that this did not constitute state action.).

[8] And again, Martinez bases BofA's § 1983 liability on a joint action theory only. Compl., ¶¶12, 22(d), 26, 31, 32, 37, 38, 45, 62 and 92.

-6-

1  behavior may be fairly treated as that of the State itself." *Kirtley v. Rainey*, 326 F.3d at 1094-95
2  (citations omitted).

3  Once again, Martinez does not allege that BofA's actions may be treated as that of the
4  State. While Martinez's arrest may have been caused in part by BofA's acts, BofA did not arrest
5  Martinez nor did it detain him in New Mexico. Those acts were carried out by the Marysville
6  Police and the Immigration and Customs Enforcement. Compl., ¶13.

7  **C.     Martinez's Misrepresentation and Fraud Claims Are Not Adequately Plead**

8  In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall
9  be stated "with particularity." Fed. R. Civ. Pro. R. 9(b); *Desaigoudar v. Meyercord*, 223 F3d
10 1020, 1022–1023 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness").
11 Allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by
12 Rule 9(b). *Moore v. Kayport Package Express, Inc*., 885 F2d 531, 540 (9th Cir. 1989).

13 According to Martinez, BofA is liable for "representations concerning the extension of
14 credit to the undocumented Mexican immigrants". Compl., ¶84. This bald assertion, however,
15 falls far short of the pleading standard under Rule 9(b).

16 BofA's alleged misrepresentation regarding its "growth and expansion pilot program
17 marketing to the Hispanic segment" concerns the Hispanic population at large. But Martinez
18 does not identify what representations were made, who made them or when they were made. And
19 perhaps more importantly, Martinez does not allege that the representations were made directly to
20 him, and thus, he cannot claim that he reasonably relied, to his detriment, on the representations.

21 **D.     Martinez Does Not Adequately Plead Facts Supporting a Claim for
            Conspiracy, Conversion or Misappropriation**
22

23 As noted above, a bare allegation of "conspiracy" does not support a claim for conspiracy.
24 "[A] plaintiff must allege that the defendant had knowledge of and agreed to both the objective
25 and the course of action that resulted in the injury, that there was a wrongful act committed
26 pursuant to that agreement, and that there was resulting damage." *Quelimane Co. v. Stewart Title*
27 *Guaranty Co*., 19 Cal.4th 26, 47 (1998).
28

-7-

1  Martinez baldly alleges "DEFENDANTS and DOES knew that they had the intent to
2  conspire to unlawfully detain PLAINTIFF, LUIS MARTINEZ-RODRIGUEZ, and have him
3  arrested by the Marysville Police Department and Immigration and Custom Enforcement," ….
4  Compl., ¶90; see also Compl., ¶¶12, 22(d), 31, 32, 37, 38, 45, 62 and 92.  Again, these allegations
5  are no more than labels and conclusions devoid of factual allegations.  Martinez does not allege
6  facts showing when BofA and "DOES" conspired to detain Martinez, what was discussed or what
7  was agreed upon.  Even under Rule 8(a)'s simplified pleading standard, Martinez does not allege
8  enough facts to support a claim for conspiracy, conversion or misappropriation.

### E. Martinez's Twelfth Cause of Action for Violation of the Fair Housing Act Is Vague and Therefore Fails to State Facts Sufficient to State a Claim for Relief

Martinez alleges that BofA "froze" is mortgage loan because of his race.  It is unclear and Martinez does not provide additional facts or explanation, what a "frozen" loan is.  Martinez therefore fails to alleges facts sufficient to state a claim for relief for violation of the Fair Housing Act.

### F. Martinez's Thirteenth Cause of Action for Declaratory Relief Is Vague and Therefore Fails to State Facts Sufficient to State a Claim for Relief

Martinez alleges that "[b]y freezing Plaintiffs mortgage, Defendants have created a cloud upon the title of Plaintiffs home, and has put Plaintiff at risk for losing his home through foreclosure."  Compl. ¶100.  As discussed, *supra*, it is unclear what Martinez means when he alleges that BofA froze his mortgage.  Thus, Martinez fails to alleges facts sufficient to state a claim for declaratory relief.

### G. Martinez and Metzly M. Fail to Alleges Facts Sufficient to State a Claim for Relief for False Imprisonment

In California, the elements of false imprisonment are: "1) the nonconsensual, intentional confinement of a person, 2) without lawful privilege, and 3) for an appreciable period of time, however brief."  *Molko v. Holy Spirit Assn*, 46 Cal.3d 1092, 1123 (1988).  Martinez and Metzly's claim fails for two reasons, first, the allegations do not state facts sufficient to show that BofA restrained Martinez or Metzly, and second, BofA's actions were lawful.

-8-

1  To constitute a false imprisonment, it is essential that there be some restraint of the person. *City of Newport Beach v. Sasse*, 9 Cal. App. 3d 803, 810 (1970). "Restraint may be effectuated by means of physical force (*Moffat v. Buffums' Inc*., 21 Cal.App.2d 371, 374 (1937), threat of force or of arrest (*Vandiveer v. Charters*, 110 Cal.App. 347, 351 (1930), confinement by physical barriers (*Schanafelt v. Seaboard Finance Co*., 108 Cal.App.2d 420, 423 (1951), or by means of any other form of unreasonable duress." *Fermino v. Fedco, Inc*., 7 Cal. 4th 701, 715 (1994).

Here, Martinez and Metzly allege that Aivaliklis "refuse[d] to allow [Metzly] to use the bathroom, [and] would not allow Mr. Martinez to take [Metzly] to the bathroom and refused to allow Plaintiff to call someone to come and get his daughter." Compl., ¶105. This allegation falls short of the pleading standards set forth by the United States Supreme Court. *Bell Atl. Corp.*, 550 U.S. at 557 (A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement" *Id*. at 557.

Martinez and Metzly do not allege facts showing how BofA compelled them to remain in the bank. *City of Newport Beach*, 9 Cal. App. 3d at 810. They do not allege facts showing whether BofA used physical force, threat of force, physical barriers or other means of confinement to keep them in the bank. Nor do Martinez and Metzly allege facts showing for long they were confined in the bank.

Even if Martinez and Metzly properly pleaded facts showing restraint, their claim still fails because BofA's actions were lawful. According to Martinez, BofA wrongfully contacted the Marysville Police or the Immigration and Customs Enforcement to report on Martinez's immigration status. But in his complaint, Martinez admits that he is an "undocumented Mexican immigrant[]". Compl., ¶20. And if Martinez is an undocumented immigrant, BofA's report to police was lawful.[9]

---

[9]  Imprisonment based upon a lawful arrest is not false, and is not actionable in tort. *Moore v. City & County of San Francisco*, 5 Cal. App. 3d 728, 735 (1970) (*citing Peterson v. Robison*, 43 Cal.2d 690, 696 (1954).

-9-

## V. CONCLUSION

For the reasons stated, the Court should grant BofA's motion to dismiss for failure to state a claim upon which relief may be granted.

DATED: February 10, 2012

SEVERSON & WERSON
A Professional Corporation

By: /s/ *Andrew S. Elliott*
Andrew S. Elliott

Attorneys for Defendants
BANK OF AMERICA, N.A.
and ALEX AIVALIKLIS

-10-

70001/0080/2103472.1

Motion to Dismiss
Case No.: CV11-6572 (CRB)